## PRODUCERS RELEASING CORPORATION DE CUBA v. PRC PICTURES, Inc.

District Court, S. D. New York.
May 8, 1948.

Budner & Budner, of New York City (Sidney S. Bobbe, of New York City, of counsel), for plaintiff.

Phillips, Nizer, Benjamin & Krim, of New York City, (Walter S. Beck, and Seymour Shainswit, both of New York City, of counsel), for defendant.

HULBERT, District Judge.

Three motions have been argued together.

(1) Defendant's motion to strike plaintiff's complaint for failure of plaintiff's president, a resident of Cuba, to appear for examination pursuant to a notice served on plaintiff's attorneys on March 15, 1948.

(2) Plaintiff's cross-motion to stay the examination of plaintiff's president until the examination of defendant's officers now in progress, is completed, and to direct that the examination of plaintiff's officer be taken either upon written interrogatories in Cuba, or on an open commission, at the expense of the defendant.

(3) Plaintiff's motion to direct defendant to produce upon the deposition of its officer certain papers and documents relating to its counterclaim, and directing defendant's assistant-secretary to answer questions put to him with respect to the said counterclaim.

The Court will consider the motions in the order named above.

■ (1) and (2)—Under Rule 37(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the wilful failure of a party or an officer or managing agent of a party to appear before the officer who is taking the deposition after being served with a proper notice, the Court may, among other things, dismiss the action.

The Rules further provide (30(b) that where such notice designates a place for examination which is thought to be improper or unreasonable, a motion may be made directed to the Court's discretion, upon good cause shown, to designate another place for the taking of the deposition.

This was not done here. Plaintiff's representative and its attorneys deliberately defaulted without applying to the Court for relief. The excuse given by plaintiff's attorneys for the default is capricious in view of the fact that the Federal Rules of Civil Procedure have been in existence for ten years, and the slightest effort on the part of plaintiff's attorneys would have shown their position to be untenable, as now conceded by them. However, the Court will not apply the drastic penalty of dismissal as urged by the defendant, as it can well do under the Rules and the decisions, but will make the following disposition on this phase of the motion:

256

A non-resident plaintiff who chooses this forum makes himself or itself available for examination here in the absence of special circumstances dictating a different ruling. Sullivan v. Southern Pacific Co., D.C., 7 F.R.D. 206. No special circumstances have been shown here, and accordingly plaintiff's officer will be directed to appear in this court for examination with his books and papers (as called for in the notice originally served upon plaintiff's attorneys) at least one week prior to June 8, 1948, the date now set for trial. Plaintiff's attorneys will notify defendant's counsel of the arrival in this City of the party to be examined not later than 24 hours after such arrival. If the parties cannot then agree upon a time and place where, and a person before whom such examination shall proceed, such date will be fixed by the Court upon an informal application of the parties. Failure of plaintiff's officer to appear in this City for examination as hereinabove provided will subject plaintiff to a dismissal of the complaint. Such application if made shall be on notice to plaintiff's attorneys.

 While ordinarily the party seeking an examination first is entitled to examine first, this is not an invariable rule and will not be adhered to in this case because of plaintiff's deliberate disregard of the defendant's notice. Plaintiff may continue its examination of the defendant as heretofore scheduled, but upon arrival of plaintiff's president in this city, the examination of defendant will be suspended until the examination of plaintiff's officer is begun and completed. An application for adjournment of the trial set for June 8, 1948, if necessary, should be addressed to Judge Knox.

(3) It appears from plaintiff's moving papers that defendant's officer, Fleitner, testified that he had no knowledge of the matter involved in defendant's counterclaim, and that he knew of no officer of the defendant corporation who had such knowledge. It further appears from the affidavit in support of the motion, that Mr. Beck, one of the attorneys for the defendant, is the only one who had such knowledge.

It is obvious that Rule 34, F.R.C.P. cannot be invoked to compel the production for inspection and copying of documents and papers which defendant's representative says is not in the possession of the defendant. The motion for inspection is accordingly denied, without prejudice. However, plaintiff may upon a proper notice examine Mr. Beck under Rule 26 et seq. F.R.C.P. to determine whether any of the papers and documents sought are in his possession, and if not, whether he knows where they can be located. Thereafter, plaintiff may again move for discovery under Rule 34, F.R.C.P., and the applicability of Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 can then be determined by the Court hearing the matter.

The plaintiff's further application under Rule 37(a) to direct defendant's representative to answer certain questions propounded is denied since it does not appear that there has been a refusal to answer. If, during the course of the examination such issue develops, the Rules provide the manner of obtaining relief.

The defendant is to submit one order embracing the Court's rulings on the three motions on two days notice to plaintiff.