**MESSELT et al. v. SECURITY STORAGE CO. et al.**

**Civ. A. No. 1170.**

United States District Court
D. Delaware.

Oct. 12, 1950.

William Marvel (of Morford, Bennethum, Marvel & Cooch), of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., and Edward B. Hayes and Lord, Bissell & Kadyk, all of Chicago, Ill., for defendants.

LEAHY, Chief Judge.

On September 29, 1950, defendants gave notice that they intended to take the deposition of plaintiffs on October 19, 1950, in this Court House. Pre-trial discovery is still taking place and the case has not been placed on the trial calendar. After receipt of the notice, plaintiffs filed a motion under Fed.Rules Civ.Proc. rule 30(b), 28 U.S.C. A., that the designation of the time and place for their examination was improper or unreasonable. The main ground in support of the motion is that plaintiffs reside and have their place of business in San Francisco, California, and that it would be hardship and oppressive for them to come on to this Court in Wilmington, Delaware, on October 19, 1950, since they fully intend to be present at the trial of the cause. Several authorities have held that where a non-resident plaintiff chooses his forum he makes himself available for examination there in the absence of special circumstances dictating a different rule.[1] The question emerging for decision in the matter at bar is whether special circumstances have been shown. I think they have under the specific facts of this case. I think it unreasonable to require plaintiffs to make a transcontinental trip in order that their depositions may be taken pretrial in this District where, by their sworn affidavit, they unequivocably state that they shall be present for trial. This means they will be subject to call for examination and cross-examination. If by any chance plaintiffs do not appear at trial and accordingly are not available for questioning by defendants, then the present application may be renewed for reconsideration. But, at this time, I am of the view that plaintiffs' motion under Rule 30(b) should be granted.

Under these circumstance, defendants may either proceed to take the depositions of plaintiffs in California or such other place as they may be located, or defendants may proceed on written interrogatories.

As stated, on the basis of the present rule, the depositions will not be had in this District on October 19, 1950; plaintiffs' motion under Rule 30(b) will be granted; and an order embracing the rulings made above may be submitted.

---

1. Producers Releasing Corporation De Cuba v. P.R.C. Pictures, Inc., D.C., 8 F.R.D. 254, and cases there cited.