HUBER BAKING COMPANY, a Delaware corporation, v. FRANK C. SPARKS COMPANY, a Delaware Corporation, McCORMICK CONSTRUCTION CO., INC., a Delaware corporation, WEST T. LAMBORN and ROBERT W. LAMBORN.

(*October* 17, 1950.)

LAYTON, J., sitting.

*William Prickett* for Plaintiff.

*Stewart Lynch, Robert P. Barnett, William Poole, Howard L. Williams* and *Thomas J. Healy, Jr.,* for Defendants.

Superior Court for New Castle County, No. 346, Civil Action, 1950.

LAYTON, J.:

As far as can be ascertained the question presented is one of first impression. The text authorities hold almost uniformly that the Rule was designed for the protection of the deponent or a party other than the examiner on account of the right of unlimited discovery accorded by Rule 26.[1] *Dyer-Smith, Federal Examina-*

1. Rules 26 and 30 (b) of the Superior Court of this State are identical with Federal Rules of Civil Procedure 26 and 30 (b), 28 U. S. C. A. Ob-

*tions Before Trial, p.* 43; 6 *Cyc. of Federal Practice* (*2d Ed.*) *Sec.* 2657; 2 *Barron and Holtzoff, Federal Practice and Procedure, Sec.* 715. Curiously enough, however, the conclusions of the authors of the texts just cited are at variance with the language of the Rule itself. The title of the Rule is "Orders for the Protection of *Parties* and *Deponents*" (emphasis throughout mine). Further it reads, "After notice is served for taking a deposition by oral examination, upon motion seasonably made *by any party* or *by the person to* be examined". Moreover, although the conditions set forth in the Rule under which protective orders may be obtained are obviously largely for the benefit of the deponent, yet it is further provided that an order may be entered requiring that "* * * the examination shall be held with no one present except the parties to the action and their officers or counsel * * ." This language seems designed to meet the very situation presented here. And while no less a distinguished authority on the interpretation of the Federal Rules than Professor Moore seems to be in accord with the other text authorities elsewhere mentioned (4 Moore 2023), yet, it is significant that in Volume 4 of his work on Forms, p. 338, there is this statement: "The language of Rule 30(b) would seem to permit the party taking the deposition to move for a private hearing. This is probably the only case in which the party taking the deposition would make a motion under Rule 30 (b)."[2]

While the foregoing analysis of the Rule does not conclusively demonstrate that the interpretation advanced by the learned authors elsewhere referred to is too narrow in scope, it, nevertheless, raises the very natural inquiry why, if the examining party was

---

viously decisions of the Federal Courts interpreting their Rules must, to a large extent, be taken as authoritative as to similar questions presented under our Rules.

2. While the work was edited by Messrs. Pike, Fischer and Willis, nevertheless Professor Moore was Editor in Chief, and according to the preface "went over the whole manuscript." Presumably, then, he must have approved the quotation just cited.

not to be accorded protection under the Rule, the framers did not so state in language permitting of no doubt. Also the very obscurity of the question presented suggests the possibility that the situation here was simply not thought of in connection with Rule 30(b). This comment is, of course, purely speculative.

Moreover, if the Rule is to be given the restricted interpretation urged by Plaintiff, we are faced with the anomaly that at the trial Defendant, under our long settled practice, *Pritchard* v. *Henderson*, 3 *Penn.* 128, 50 *A.* 217, would be entitled to request these same three witnesses to be removed from the Court Room while Viscount was testifying, yet while taking the oral depositions of the same witnesses in preparation for the same trial, he would be unable to do so. The theory underlying the right of our Courts, in a proper case, to order the removal of witnesses from the Court Room is obviously in furtherance of justice, viz: to lessen the risk of fabricating testimony or shading it in the light of other testimony. Since, under certain circumstances, a deposition may be used as substantive evidence at the trial, and in all situations for the purpose of contradicting or impeaching a witness, it seems only consistent that a Court should have the power to make the same order relative to the deposition hearing as it would at the trial. My conclusion is therefore, that the language of Rule 30(b) broadly interpreted would permit the granting of the protective order here sought.

The protective order will be granted.