HUBER BAKING CO. v. FRANK C. SPARKS CO., et al.

(*April* 24, 1951.)

LAYTON, J., sitting.

*William Prickett* for Plaintiff.

*Stewart Lynch, Robert P. Barnett, William Poole, Howard*

*L. Williams* and *Thomas J. Healy, Jr.*, for Defendants.

Superior Court for New Castle County.

LAYTON, J.

■ This is a reargument of one phase of the case of *Huber Baking Company v. Sparks Company,* 6 *Terry* 525, 76 *A.* 2d 124. Counsel for Huber no longer challenges the conclusion there reached that, in a proper case, an examiner may move for the exclusion of witnesses from the deposition room under Rule 30 (b). However, he now contends that, in the cited opinion, I failed to consider whether or not the motion for the protective order was seasonably made. Concededly, I did not touch directly on this phase of the matter and, because it was raised on the briefs and argued to me, counsel is entitled to a clear cut decision on this point.

The facts are sufficiently stated in the reported opinion. Briefly, Huber's position is this—that it is the affirmative duty of the examiner in all cases to obtain a protective order in advance of the deposition date should the exclusion of witnesses from the room be contemplated, and this is so, he asserts, regardless of whether the notice specifies that the witnesses are to be examined at separate times or dates or even if the notice clearly states that it is intended that each witness shall be examined without the presence of other witnesses. In other words, his theory is that, without the intervention of a protective order to the contrary, a notice to take the deposition of witness A at a specified time and place would not prevent the appearance of witnesses B, C, D & E, or a stranger for that matter, when the deposition was taken. I am not prepared to go so far.

■ It goes without saying that when a protective order is desired the application must be timely. That is the Rule. But what is or what is not a seasonable application is a discretionary matter which by the very nature of things calls for an elastic, rather than a rigid construction for if the Rule is uncompromis-

ing there is little room for the exercise of discretion.

 It is our practice that, upon application prior to trial, witnesses may be excluded from the Court room. The reasons for this were commented on in 76 *A.* 2d 124. By analogy this practice has been extended to the taking of deposition. 76 *A.* 2d 124. But the taking of depositions is not a judicial trial and, unlike the latter, is not regarded as a public hearing. *U. S. v. United Shoe Machinery Co., (D. C.)* 198 *F.* 870. Therefore, when an examiner serves notice of the taking of depositions privately, or at different times, it would seem to me that he has the right to expect that opposing counsel will not appear at the hearing with all his witnesses and insist on their presence during the taking of the deposition. And this is particularly true when, upon seasonable application at the trial itself based upon the same consideration as here urged, counsel for Sparks would normally be entitled to an order excluding specified witnesses from the Court Room.

 Contrary to what counsel for Huber urges, I believe that, in the absence of oppressive tactics such as contemplated by Rule 30, the examiner should be free to conduct the taking of his deposition just about the way he wants to. If he desires to take the deposition of a witness in private, and the notice so specifies, he should be able to do so without the time consuming process of moving for a protective order in advance in every case. Nor is the opposing counsel prejudiced by such a result. When fairly notified that the deposition is intended to be privately taken,[1] and in the unusual case when he would object, then he has a right to move to quash the notice or to pick up the telephone and serve notice on the examiner that he will not abide by the notice. In the first and rare instance the Court will have resolved the dispute, and in the second the examiner is placed on notice that he can proceed at his peril without a pro-

---

[1] I only mean by this taken in the absence of other witnesses. Parties and their counsel are entitled to be present in any event.

tective order. This seems to me to be a very workable solution which saves the time of all concerned in the obtaining of a protective order in advance in every instance without prejudicing the right of opposing counsel in the unusual case where he feels he may have some sound reason for insisting that all his witnesses be present.

█ Here the original notice specified that the testimony of the witness, Vilone, be taken on one day and that of the other three witnesses on another day. This constituted fair notice that a private examination of Vilone was intended. At the request of opposing counsel this contemplated procedure was subsequently changed orally to meet his convenience, but in my judgment still remained subject to the spirit of the original notice specifying that Vilone would be examined apart from the others. Why should the examiner anticipate that he was going to be met with the extremely unusual demand that all witnesses were entitled to be present? I do not think he should. His motion for a protective order when met by this unexpected occurrence was, in my judgment, seasonably made. I will direct that the witness, Vilone, submit to a private examination.

Counsel for Sparks concedes that where a notice to take the deposition of a number of witnesses fails to specify separate examinations, then a petition for exclusion made after the witnesses have appeared is unseasonable. I do not decide this point.

It necessarily follows that the application for the imposition of costs of this proceeding against the examiner must be denied.