**PERRY v. EDWARDS,**

Civ. No. 8881.

United States District Court
W. D. Missouri, W. D.

July 30, 1954.

Frank L. Cohn, Kansas City, Mo., for plaintiff.

Arthur C. Popham, Jr., Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

Whether defendant shall be required to leave his work and travel, at his own expense, from his home in Pontiac, Michigan, to Kansas City, Missouri, and return, so that plaintiff might take his deposition upon oral examination at the latter place is the question now before me.

Defendant, while driving an automobile on the public ways in Kansas City, Missouri, was unfortunately involved in a collision with an automobile in which plaintiff's wife was riding, resulting in claimed bodily injuries to her, and afterward this action was commenced in the state court by the plaintiff, the husband, to recover $5,000 damages for his loss of her services and consortium. Service of process was had upon the defendant in Pontiac, Michigan, under the, so-called, long-arm provisions of the Missouri Non-Resident Motorists Act, Section 506.210 et seq. RSMo 1949, V.A.M.S.

Defendant, on the ground of diversity, removed the case to this court, and answered, and afterward plaintiff served a notice, under Rule 30(a), 28 U.S.C.A., upon counsel for defendant (who are Kansas City, Missouri, counsel) to take the defendant's deposition on oral examination under said Rule 30(a), at the office of plaintiff's counsel in Kansas City, Missouri. Defendant has now moved, under Rule 30(b) for an order quashing that notice, or, in the alternative, for an order directing that defendant's deposition be taken upon written interrogatories under Rule 31, contending that to require the defendant to leave his work and to travel, at his own expense, from his home in Pontiac, Michigan, to Kansas City, Missouri, and return, for the purpose that plaintiff might more conveniently and less expensively take his deposition upon oral examination at Kansas City, is unreasonably oppressive, and that, instead, plaintiff should take defendant's deposition upon written interrogatories under Rule 31, or, if he insists upon oral examination, he should defer until defendant is present here at Kansas City, as he promises he will be, the day before the trial.

Plaintiff resists the motion on several grounds. First, he says that when defendant brought his automobile into Missouri and there operated it, that act constituted "an agreement by him that he would be subject to the jurisdiction of this state over all civil actions and proceedings against him * * * for damages to persons or property * * * growing or arising out of such use and operation", under the provisions of Section 506.200 RSMo 1949, V.A.M.S., and, therefore, plaintiff argues, defendant is not in position to claim oppression in being required to come here, at his own expense, to give his deposition on oral examination.

While Section 506.200 RSMo 1949, V.A.M.S., contains the above quoted words, yet it is not true, in a legal sense, to say that operation of an automobile by a nonresident on the public ways of Missouri constitutes his "consent" to be sued in Missouri for torts arising out of such operation, nor is that the basis upon which constitutional due process, in such cases, has been rested by the Supreme Court [1], but, moreover, the question here is not one of jurisdiction, nor is it in any

---

1. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 85. In the latter case the court said "In point of fact, however, jurisdiction in these cases does not rest on consent at all. * * * The defendant may pro-test to high heaven his unwillingness to be sued and it avails him not. * * * The potentialities of damage by wayfaring motorists, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against the absentee motorist provided

way dependent upon defendant's amenability to proceedings against him in Missouri.

■ The question here is, where and under what conditions may plaintiff take defendant's deposition by oral examination? That question is not, in this court, in any way dependent upon or conditioned by any state statute, but, rather, depends entirely upon Rules 30(a) and 37(d) of Federal Rules of Civil Procedure. Those rules, particularly Rule 37 (d), as interpreted by the courts, dispense with the need for the issuance and service of a subpoena upon a *party* to appear and give his deposition [2], and constitute the basis of plaintiff's claimed right to require defendant to present himself for the giving of his deposition at Kansas City, and also constitute the basis of defendant's move to be relieved from the claimed oppression of doing so. There is no merit in plaintiff's claim that defendant has impliedly given up or waived his right to oppose having to come to Kansas City to give his deposition on oral examination.

■ Countering defendant's suggestion that his deposition be taken on written interrogatories under Rule 31, plaintiff says that this procedure is inadequate and inefficient, affords no real means for searching either the knowledge or the conscience of the witness nor any means to pursue and explore developments, and results, more often than not, in the answers being those of counsel than of the witness, and that he should not be limited to that mode. From my long experience at the Bar, I can readily agree that the device of taking a deposition upon written interrogatories, under Rule 31, except for the proof of formal matters, is a tool of discovery very inferior to oral examination. But no one here seeks to limit the plaintiff to that or any particular mode. He is perfectly free to take the defendant's deposition upon oral examination in Pontiac, Michigan, if he desires. But the question here is, shall the defendant, who did not choose this forum (a matter of much importance upon this point) [3], be required to leave his work and to travel, at his own expense, from his home in Pontiac, Michigan to Kansas City and return so that plaintiff may use his preferred mode of taking the deposition upon oral examination, and avoid the expense of going to Pontiac, Michigan to do so; and is it unreasonable and oppressive to so require?

■ Suppose that defendant were to serve notice on plaintiff's counsel, under Rule 30(a) to take the plaintiff's deposition at Pontiac, Michigan, without advancing or tendering his expenses. Would that not be unreasonably oppressive? Yet that is the simple converse of plaintiff's position here.

Nor is it any answer for plaintiff to say, as he does say, that the defendant holds a policy of casualty insurance indemnifying him against the claims of this suit, including reimbursement of his expenses incurred in attending judicial proceedings in connection therewith, and that his expenses in coming to Kansas City to give his deposition on oral examination would have to be paid, not by the defendant, but by his insurer, because such a policy, even if so conditioned, is

only that he is afforded an opportunity to defend himself. We have held that this is a fair rule of law as between a resident injured party (for whose protection these statutes are primarily intended) and a non-resident motorist, and that the requirements of due process are therefore met."

2. Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956; Collins v. Wayland, 9 Cir., 1944, 139 F.2d 677; Millinocket Theatre v. Kurson, D.C.Me., 35 F.Supp. 754; Spaeth v. Warner Bros. Pictures, D.C.S.D.N.Y., 1 F.R.D. 729.

3. Ordinarily, one who chooses a forum should be required to make himself available for examination in that forum. Sullivan v. Southern Pacific Co., D.C., 7 F. R.D. 206; Producers Releasing Corp. v. PRC Pictures, D.C., 8 F.R.D. 254, 256.

the personal property of defendant, bought and paid for by him for his indemnity, and plaintiff can have no rights thereunder, except after judgment, upon garnishment in aid of execution.

I believe that it would be oppressive to require the defendant, in the circumstances here, to leave his work and to travel, at his own expense, from Pontiac, Michigan to Kansas City and return for the purpose that plaintiff might follow his preferred mode of taking defendant's deposition upon oral examination more conveniently and less expensively to the plaintiff, and that Rule 30(b) was designed for application in just such a case, and has been often so applied,[4] and that defendant's motion to quash plaintiff's notice to take defendant's deposition on oral examination at Kansas City should be sustained, but on terms as follows: (1) plaintiff may, upon proper notice, take the deposition of defendant on oral examination in Pontiac, Michigan, without payment of any part of the expense of defendant's counsel in attending (just as would be the case if the deposition were being taken under the state procedure of Missouri), or (2) plaintiff may take the deposition of defendant, on proper notice, at Kansas City, provided he first pays to defendant or his counsel an amount in cash equal to one first-class round trip airplane ticket from Pontiac, Michigan to Kansas City, plus the sum of $30, to cover one day's time of defendant (this upon the theory that though the trip and deposition would probably consume two days, such would only be one day more than would be consumed if the deposition were taken at Pontiac, Michigan, and for which defendant would not be entitled to compensation by plaintiff), or (3) plaintiff may take defendant's deposition upon written interrogatories under Rule 31. It is ordered.

4. Compare, Stevens v. Minder Construction Corp., D.C.S.D.N.Y., 3 F.R.D. 498; Messelt v. Security Storage Co., D.C.Del., 10 F.R.D. 509; Gitto v. Italia Societa, etc., D.C., 28 F.Supp. 309; Clair v. Philadelphia Storage Battery Co., D.C., 27 F. Supp. 777; and Butts v. Southern Pacific Co., D.C.N.Y., 7 F.R.D. 194.