Mary Grace DUNLAP, Administratrix of the Estate of Edward H. Dunlap,

v.

READING COMPANY.

Civ. A. No. 29221.

United States District Court
E. D. Pennsylvania.

April 27, 1962.

B. Nathaniel Richter, of Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiff.

Thomas A. Masterson, of Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

■ In this suit for wrongful death under the Federal Employers' Liability Act, plaintiff has filed a motion for the sequestration of witnesses to be examined on pretrial depositions. The witnesses are ten employees of the defendant. The motion falls squarely within Rule 30(b) and we shall therefore treat it as an application for a protective order under the Rule.

Rule 30(b) provides that "for good cause shown, the court * * * may make an order that * * * . the examination shall be held with no one present except the parties to the action and their officers or counsel * * *."

■ The motion brings into sharp focus some of the fundamental assumptions of our system of administering justice. It is everyday experience in our courts, civil and criminal, to observe parties and witnesses as intense spectators while one of their number presents his testimony on direct examination and encounters the antagonism of cross-examination. Not infrequently an expert, who will later testify, is actively engaged in assisting the cross-examiner while an opposing expert witness is on the stand. Only the expense and difficulty of securing the protracted attendance of experts in the courtroom keeps these scenes from being commonplace. Our trial system follows the familiar form of a contest in which all those who are on one side or the other line up at the beginning and more or less remain in the ranks until the end of the trial. We stand in this by-product of our adversary system at the extreme opposite from the practice in Continental countries, where all witnesses are sequestered and it would be shocking to encounter among the spectators one who was later to take the stand. In this we have doubtless been influenced by our abhorrence of secret trials.[1] Nevertheless, the almost unbroken continuance of our practice seems remarkable in view of the strong stand taken by Wigmore, whose views on evidence have so deeply influenced American courts. Wigmore declares that: " * * * [T]he expedient of sequestration is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice."[2] Here it is not at a trial that the witnesses are to appear. It is rather at a hearing in a lawyer's office where they will be examined in advance of trial in a search to discover relevant facts or information which may lead to relevant facts. Such pretrial discovery is preliminary to trial. It is not a judicial trial with all the at-

1. See United States v. Kobli, 172 F.2d 919 (3d Cir. 1949), holding that the command of the Sixth Amendment that criminal trials shall be public was violated by the indiscriminate exclusion from the courtroom of all spectators other than jurors, witnesses, lawyers and members of the press, in a trial for transporting an 18 year old girl for purposes of prostitution. Judge Maris referred to In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), in which the Supreme Court discussed the traditional Anglo-Saxon distrust of secret trials.

2. 6 Wigmore, Evidence (3d ed. 1940), § 1838, p. 354; quoted in Commonwealth v. Turner, 389 Pa. 239, 264, 133 A.2d 187 (1957), Charles Alvin Jones, C.J.

tendant characteristics of a public hearing.[3]

We have answered the question which is the most likely means of ascertaining the truth by following the general practice of permitting prospective witnesses to be present in the courtroom while one of their number testifies. Much is to be said in favor of this practice. Increasing knowledge of the subtle and elusive components of memory and of the effects of dynamic factors in mental processes which push so-called memory into the background of forgetfulness or after a time thrust it upward into recollection, makes us more and more aware that we deal with matters which do not readily fit the simple morally tinged badges of honesty and truthfulness. Given the inevitable faultiness of recollection of participants and observers of any event, much of a witness' recollection will be stimulated on hearing the narrative of others who were observers or participants in the same event.[4] To this extent the cause of truth will be advanced by affording him the opportunity to react to this stimulation and so offer a more accurate and comprehensive recital of his own.

On the other hand, sequestration will deny to the dishonest witness the advantage of observing the experience of other witnesses as they give their testimony on direct examination and are confronted with contradictions or evasions under cross-examination. At the least, it will make available the raw reactions and the individual recollection of each witness unaided by the stimulation of the evidence of any other witness.

██ Although our general practice of not separating witnesses is so long continued, it is nevertheless well settled throughout the United States that the Court in the exercise of its discretion may permit their separation.[5]

█ Rule 30(b) obviously was written to encompass many circumstances.[6] Its use is readily apparent in cases involving patents or trade secrets where it would be highly undesirable for outsiders to be present at the examination, even though they themselves are also summoned as witnesses. The Rule, however, requires good cause to be shown in all the varied circumstances in which a party may deem the separation of witnesses to be desirable.

█ In the present case the ten witnesses who have been summoned for examination all have in common their employment by the defendant. They will be testifying regarding a damage claim against their employer. We consider the camaraderie of employees who work together as "good cause" for their separation on their pretrial examination. We are reinforced in this conclusion by the assertion of defendant's counsel at the oral argument that he would have produced all of the witnesses at the interrogation even if plaintiff had subpoenaed each of them to appear at separate times. This indicates to us an element of control over the witnesses by the defend-

3. United States v. United Shoe Machinery Co. of N. J., 198 F. 870 (D.C.Mass.1912), equity depositions; Huber Baking Co. v. Frank C. Sparks Co., 6 Terry 525, 76 A. 2d 124 (Super.Ct.Del.1950) ; on re-argument, 7 Terry 153, 81 A.2d 132 (1951).

4. " *  *  * [P]hysical confrontation by another participant in a joint experience may act as a trigger, starting a flow of impulses along associative pathways leading to a more complete reproduction or recollection of events, yet never necessarily uncovering them fully." Kubie, Implications for Legal Procedure of the Fallibility of Human Memory, 108 U. of Pa.L.Rev. 59, 68 (1959).

5. 6 Wigmore, Evidence (3d ed.1940) § 1839.

6. There may well be some doubt whether Rule 30(b) was written with the present problem in the minds of the draftsmen. To be noticed is the disjunctive provision which literally would forbid the attendance of counsel if officers of a party are present. "Or", of course, must here be read as "and": Perfect Photo, Inc. v. Grabb, 205 F.Supp. 569 (E.D.Pa.1962), and cases cited.

ant. If "good cause" were not otherwise present, this itself would provide "good cause" for the separation of the witnesses.

Plaintiff's counsel, with all the intimate familiarity he must have regarding the circumstances, has made the choice that his search for relevant information be conducted outside the presence of other witnesses. By examining each witness alone he has chosen to run the risk of not having the witness' memory prodded by the evidence of his fellow employees and to keep it within the limited boundaries of each witness' individual recollection. This choice plaintiff, in these circumstances, has the right to make.

### ORDER

AND NOW, April 27, 1962, it is ordered that the employees of defendant subpoenaed by plaintiff to testify on pre-trial examination shall be sequestered and shall give their testimony separate and apart from each other.