FRANK D. LAYTON, RUTH E. LAYTON, his wife, and ETHICON, INC., a corporation of the State of New Jersey, Plaintiffs, v. TOMMY A. LEE and ALVA JOE MICKLER, Defendants.

*(February* 11, 1963.)

STIFTEL, J., sitting.

*E. N. Carpenter, II,* and *William E. Wiggin* (of Richards, Layton and Finger) for plaintiffs.

*Raymond L. Becker* for defendants.

Superior Court for New Castle County, No. 837, Civil Action, 1962.

STIFTEL, Judge.

Motion by defendant Lee to protect him from being

required to come from his home in Florida to Wilmington at his expense so that plaintiffs can take his deposition.

On August 13, 1961, defendant Lee drove a truck into this state and was involved in a collision near Dover, Delaware, with an automobile owned by Ethicon, Inc., and driven under a lease arrangement by plaintiff driver, Frank D. Layton, in which his wife was a passenger. Suit was brought in Delaware and service of process was had upon the defendants under our non-resident motorist law (10 *Del. C.* § 3112).

In August, 1962, plaintiffs served notice on defendant Lee that they desired to take his deposition in Wilmington, Delaware, on September 20, 1962. This notice of deposition was vacated at Lee's request, and a new notice was served on September 20, 1962, for a deposition on October 25, 1962. On Monday, October 22, 1962, Lee's attorney in Wilmington notified plaintiff's attorney that Lee was financially unable to come to Wilmington and return to Florida, and that Lee's insurer had refused to pay Lee's deposition expenses, claiming his policy did not cover this. After examining a sample copy of Lee's insurance policy, plaintiffs' counsel informed Lee's attorney that the insurance company was responsible under the terms of the policy for Lee's expenses to and from Wilmington and stated that he expected Lee to be present on October 25 in Wilmington. Thus, on October 24, 1962, Lee moved for a protective order because of his inability to pay the expenses. He is willing to come to Wilmington if his expenses are paid by plaintiffs or he is willing to be examined at his residence near O'Brien, Florida.

Plaintiffs claim that defendant Lee failed to make seasonable application, as required by Superior Court

Civil Rule 30(b), *Del. C.**

██ ██ Application for a protective order must be timely. What is or what is not seasonable application is to be determined by the exercise of discretion. See *Huber Baking Co. v. Frank C. Sparks Co.*, 7 Terry 153, 81 A.2d 132, 133. Circumstances control each case. See *Knox v. Anderson*, D.C.D. Hawaii, 21 F.R.D. 97, 99. See, also, 70 A.L.R.2d 685, 699.

██ Plaintiffs' argument that Lee's motion should have been made before the date set for the original deposition, on September 20, 1962, is without foundation. The agreement of counsel to vacate the original notice, made at the request of defendant Lee, did not constitute a waiver by defendant to move for a protective order before the new time scheduled for his deposition, on October 25, 1962.

██ Plaintiffs also argue that defendant Lee should have moved for protection sooner than October 24, 1962, one day before the rescheduled deposition, on October 25, 1962. Actually, plaintiff's attorney was informed prior

---

*Rule 30(b) reads as follows:

"(b) Orders for the Protection of Parties and Deponents. After notice is served for taking a deposition by oral examination, upon motion *seasonably made* by any party or by the person to be examined and upon notice *and for good cause shown,* the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression." (Emphasis added.)

to October 24 of Lee's inability to travel to Wilmington at his own expense and of the insurer's refusal to finance his trip. In fact, Lee's attorney furnished plaintiffs' attorney with a sample insurance policy so as to convince him that the insurance company had no obligation to pay Lee's travel expenses under the terms of the policy. However, plaintiff's counsel placed a different interpretation on the policy and believed the insurer was responsible, and then, on October 24, 1962, demanded the appearance of Lee in Wilmington on October 25 as scheduled. Defendant Lee moved for a protective order of this court as soon as he believed it became necessary for him to act, see 4 Moore's Federal Practice, par. 30.05; 70 A.L.R.2d 685, 698, 699, and prior to the date designated in the notice for the taking of the deposition. See *Dictograph Products, Inc. v. Kentworth Corp.*, D.C.Ky., 7 F.R.D. 543, 544; 2A Barron & Holtzoff Federal Practice and Procedure, § 715, p. 234, n. 82. Under the circumstances, defendant's motion was timely.

Having decided that defendant's motion was seasonably made, I must now determine if Lee shows good cause for the protection he seeks. What is necessary to constitute the requisite "good cause", as set forth in Rule 30(b), is to be determined in the exercise of discretion on the facts and circumstances of each case. *Cf. Messelt v. Security Storage Co.*, D.C.Del. 10 F.R.D. 509, 70 A.L.R.2d 685, 702, 715, 726.

Defendant Lee argues that his inability to attend the deposition in Wilmington for financial reasons is good cause for the issuance of a protective order. Generally, the inability of a defendant to finance travel expenses over a long distance is sufficient reason for granting a protective order. Plaintiffs argue that the general rule should be inapplicable as to an insured non-resident

motorist. First, they say that Lee should not be allowed to claim oppression in being required to come here at his own expense because as a non-resident motorist he accepted the privilege of the use of our highways and as a consequence, should be subject to certain responsibilities arising as a result of an accident on our highways out of which civil litigation has grown.

The defendant subjected himself to the jurisdiction of our courts when he drove on our highways, by reason of our non-resident motor vehicle statute. The purpose of this act (10 *Del. C.* § 3112) is to make the non-resident subject to a civil suit in Delaware growing out of an accident in which the vehicle of the non-resident is involved. *Castelline v. Goldfine Truck Rental Service,* 10 Terry 155, 112 A.2d 840, 841; *Kohanovich v. Youree,* 1 Storey 440, 147 A.2d 655, 657, 73 A.L.R.2d 1347. The question involved here is not Lee's amenability to suit in Delaware but whether he shall be required at his own expense to come to Delaware for the taking of an oral deposition. Defendant, by riding on our highways, has not impliedly waived his right to oppose coming to Delaware at his own expense for a deposition. *Perry v. Edwards,* D.C.W.D.Mo., 16 F.R.D. 131. The right of plaintiffs to Lee's deposition is controlled by court rules, not by statute.

Next, plaintiffs contend defendant Lee's motion should be denied because Lee is insured and can presumably demand his legitimate expenses from his insurer, if he cannot pay them. This argument was made in *Perry v. Edwards,* supra, 16 F.R.D. at pp. 133, 134, and the court rejected it by saying:

"Nor is it any answer for plaintiff to say, as he does say, that the defendant holds a policy of casualty insurance indemnifying him against the claims of this suit,

including reimbursement of his expenses incurred in attending judicial proceedings in connection therewith, and that his expenses in coming to Kansas City to give his deposition on oral examination would have to be paid, not by the defendant, but by his insurer, because such a policy, even if so conditioned, is the personal property of defendant, bought and paid for by him for his indemnity, and plaintiff can have no rights thereunder, except after judgment, upon garnishment in aid of execution."

The factor of insurance cannot be considered since it is not relevant to a determination of this matter.

It is unquestionably true, as plaintiffs claim, that it is preferable to have Lee's deposition taken in Wilmington. However, plaintiffs are not prevented from taking the deposition of Lee here so long as they pay his expenses.

Lastly, plaintiffs argue that this court's refusal to require Lee to come to Wilmington may necessitate as an alternative the taking of his deposition in Florida. In that event, plaintiffs claim they may be confronted with applications by defendant Lee and his co-defendant Mickler under Rule 30 (h) for expenses and counsel fees for the attendance of their attorneys in Florida, thus imposing added burdens of financing the lawsuit properly brought in Delaware. The mere existence of Rule 30 (h), which is itself discretionary, does not call for a different conclusion in this case.

Defendant Lee's request for a protective order is granted. An appropriate order will be entered.

### ORDER

And now, to wit, this 29th day of April, A.D.1963, Defendant Tommy A. Lee's motion for traveling expenses having been brought before the Court, and briefs having

been filed and argument having been heard, and this Court having filed an opinion dated February 11, 1963, it is, in accordance with that opinion, ordered as follows:

1. Plaintiffs' notice for the taking of defendant Tommy A. Lee's deposition in Wilmington is hereby vacated.

2. Plaintiffs may take Tommy A. Lee's deposition in Wilmington upon reasonable notice only on the condition that the sum of One Hundred and Fifty Dollars ($150.00) to cover travelling expenses of the said Tommy A. Lee be advanced at the time the notice of deposition is given. Otherwise, the said Tommy A. Lee's deposition shall be taken in Florida within fifty miles of his residence at O'Brien, Florida.

3. Any travel expenses advanced pursuant to the order shall be taxed as costs as part of this proceeding.

4. Plaintiffs' motion for reargument pursuant to Rule 59(g) is denied.