**Brittany J. STORTZ, a minor child, by next friend, Dana STORTZ, and Dana Stortz, individually, and State ex rel. Division of Family Services, Assignee, Relators,**

v.

**Honorable A.J. SEIER, Judge, 32nd Judicial Circuit, Respondent.**

No. 61644.

Missouri Court of Appeals, Eastern District, Writ Division Six.

July 21, 1992.

Application to Transfer Denied Sept. 22, 1992.

Richard Goldstein, Cape Girardeau, for relators.

Albert C. Lowes, David J. Roth, II, Lowes & Drusch, Cape Girardeau, for respondent.

GRIMM, Presiding Judge.

A petition was filed for a writ of prohibition to prevent respondent from enforcing a protective order. That order compelled relators (plaintiffs in the underlying case)

to "either produce [their] expert witness [for deposition] in the State of Missouri at a time convenient to the parties or [plaintiffs] shall be precluded from utilizing" the expert's testimony. We issued our preliminary order in prohibition, which we now make permanent.

## I. Background

In the underlying case, plaintiffs seek a declaration of paternity. Blood samples were taken in Cape Girardeau from mother, child, and the putative father. Pursuant to a contract with the State of Missouri, the samples were sent to a laboratory in North Carolina.

Dr. Maha, a laboratory employee who resides in North Carolina, apparently conducted the test and signed the report. The alleged father, defendant in the underlying case, gave notice that he intended to take Dr. Maha's deposition at defendant's attorney's office in Cape Girardeau. At the same time he gave this notice, defendant also moved for a protective order under Rule 56.01(c)(2).

Defendant's motion alleged that it was necessary for plaintiffs to bring their "expert witness to the State of Missouri in the interest of protecting defendant from annoyance, oppression, and undue burden and expense." He contended the State's contract with the laboratory provides for the payment of the expert's expenses, and the State, rather than defendant, should pay those expenses.[1]

Further, the motion alleged the trial court "should require the plaintiffs to select a 'local' expert" who resides in Missouri. In the alternative to bringing the expert to Missouri, defendant asked the trial court to condition the taking of the "deposition by requiring plaintiffs to pay, in advance, defendant's expenses incurred in deposing said witness in North Carolina."

Plaintiffs moved to quash the notice of deposition. They suggested the court order a telephonic deposition or, in the alternative, order defendant to pay the costs and expenses of having the expert come to Missouri.

Following oral argument of the motions, the trial court overruled plaintiffs' motion. Defendant's motion was granted. Plaintiff's petition for this writ followed.

## II. Protective Orders

■ As the background facts disclose, this case presents the unusual situation where defendant seeks both the deposition of an out-of-state witness and a protective order. The protective order is not for the protection of the witness or plaintiffs. Rather, it is for defendant's protection, i.e. to protect him from expenses he would incur if the deposition were taken in North Carolina. Our research has not disclosed any similar case.

■ Rule 56.01(c) governs protective orders in the discovery process. It is modeled after Federal Rule of Civil Procedure 26(c). As a result, federal precedent concerning that rule and its predecessor, Rule 30(b),[2] is a persuasive guide for the construction of Rule 56.01(c). *State ex rel. Vanderpool Feed & Supply Co., Inc. v. Sloan*, 628 S.W.2d 414, 416 (Mo.App.W.D. 1982).

Rule 56.01(c) provides in part:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue

---

1. The trial court's order recites it was presented a copy of a letter plaintiffs' attorney wrote; the letter indicated the contract with the laboratory "provided one free trip to the State of Missouri as part of the contract." That letter was not furnished to us. Rather, the contract was submitted. It indicates there is no hourly charge for expert testimony in court, based on "approximately 20 hours on an annual basis." The contract does not refer to charges for depositions or expenses.

2. In 1970, Federal Rule of Civil Procedure 30(b) was transferred to Rule 26(c). References to Rule 26(c) include the pre–1970 version of Rule 30(b).

burden or expense, including one or more of the following:

    *      *      *      *      *      *

(2) that the discovery may be had only on specified terms and conditions....

The language of the rule indicates a protective order may be sought by "a party or by the person from whom discovery is sought." Thus, at first blush, it appears that the party seeking discovery, as well as the party or person from whom discovery is being sought, could file a motion under Rule 56.01(c) in any situation.

Few have read it that broadly. Professor Moore points out that the permissible scope of inquiry under the federal discovery rules is very broad. "Read together, then, [the scope of the discovery and protective orders sections] contemplate broad discovery taking place, but the court *may protect the party from whom discovery is sought* whenever it can demonstrate 'good cause' and [a protective order is sought]. However, if the *party from whom discovery is sought* is unable to show good cause, the court will deny" the motion. 4 J. Moore, J. Lucas & G. Grother, Jr., Moore's Federal Practice ¶ 26.67 (2d ed. 1991) (emphasis added).

Professors Wright and Miller state: "The motion may be made by any party, including even, in a *proper case*, the party who is seeking discovery." C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2035 (1970). They recognize that only "in a proper case" may the party seeking discovery also seek a protective order.

Wright & Miller refer to three cases: *Central Hide & Rendering Co. v. B–M–K Corp.*, 19 F.R.D. 296 (D.Del.1956); *Huber Baking Co. v. Frank C. Sparks Co.*, 45 Del. 525, 76 A.2d 124 (1951); and *Barrezueta v. Sword S.S. Line, Inc.*, 27 F.Supp. 935 (S.D.N.Y.1939). In the first two cases, however, the only protection sought was the exclusion of other witnesses during the taking of a witness' deposition. *Central Hide*, 19 F.D.R. at 296; *Huber Baking*, 76 A.2d at 125. Both Federal Rule 26(c)(5) and its Missouri counterpart Rule 56(c)(5) provide "that discovery be conducted with no one present except persons designated by the court." In view of this express language, it is understandable why those courts would permit the party seeking discovery to also seek an order excluding others from the deposition the party was taking.

Further, this interpretation is consistent with Federal Rule of Evidence 615 which, with some exceptions, gives a litigant the right to have witnesses excluded from the courtroom. "The same rule applies to the taking of depositions." *Williams v. Electronic Control Sys., Inc.*, 68 F.R.D. 703 (E.D.Tenn.1975).

As to the third case, *Barrezueta*, Wright & Miller cite it as conflicting with their statement that either party may seek a protective order. C. Wright & A. Miller, *supra* § 2035 n. 9. *Barrezueta* says that protective orders inure only to the benefit of the party or person from whom discovery is being sought, not for the party seeking discovery. *Barrezueta*, 27 F.Supp. at 935.

The parties brought to our attention only one case in which a party seeking discovery was granted a protective order and in which the protective order did not limit who may be present at a deposition. In that case, prison inmates brought a civil rights action against their correctional institution. The prisoners moved to compel the defendants to pay the reasonable expense of deposing a defendant who resided in Florida. *Haymes v. Smith*, 73 F.R.D. 572, 573–4 (W.D.N.Y.1976).

The court recognized the general rule that a party seeking to take a deposition must bear expenses associated with the deposition. However, the court noted that important "first amendment and fourteenth amendment due process and equal protection issues" were raised. In addition, there were numerous other factors involving good cause which prompted the court to order defendants to bear the initial cost of the deposition. *Id.* at 574–5.

*Haymes* is not applicable. The particular facts and circumstances in that case are not present here.

We need not decide when, if ever, a party seeking discovery may seek a protective order under Rule 56.01(c) involving that discovery.[3] However, we hold that when, as here, a party seeks discovery, a protective order is inappropriate to protect that party from himself.

 Prohibition is the proper remedy when a trial court abuses its discretion in discovery proceedings. *State ex rel. Martel v. Gallagher,* 797 S.W.2d 730, 732 (Mo. App.E.D.1990). Our preliminary order in prohibition is made permanent and respondent is directed to vacate his order.

CARL R. GAERTNER and PUDLOWSKI, JJ., concur.

---

**3.** We observe in passing that Rule 56.01 requires the party or person seeking a protective order to show "good cause." "Without evidence, it is impossible to ascertain whether or not 'good cause' does, in fact, exist." *Brown v. McIBS, Inc.,* 722 S.W.2d 337, 343 (Mo.App.E.D.1986).