IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MATTHEW B. MOONEY,

        Plaintiff,

    v.

THE BOEING COMPANY,

        Defendant.

C.A. No. K20C-04-025 WLW

Submitted: July 27, 2020
Decided: September 1, 2020

**ORDER**

Upon Defendant's Motion to Stay and
For a Protective Order.
*Granted.*

Mr. Matthew B. Mooney, *pro se.*

Blake Rohrbacher, Esquire, Kelly E. Farnan, Esquire, Matthew D. Perri, Esquire and Ryan D. Konstanzer, Esquire of Richards Layton & Finger, P.A., Wilmington, Delaware; attorney for Defendant.

Witham, R.J.

Matthew B. Mooney v. The Boeing Co.
C.A. No. K20C-04-025 WLW
September 1, 2020

Upon consideration of the Motion to Stay and for a Protective Order filed by the Defendant, The Boeing Company (Boeing), the opposition of said motion by the Plaintiff, Matthew B. Mooney (Mooney), the record of the case, and upon hearing the arguments presented by both sides, it appears to the Court that:

1. This is a civil action brought by Mooney alleging fraudulent misrepresentation, fraudulent concealment and fraud by omission on the part of Boeing. Mooney, as an investor of Boeing, alleges that Boeing misrepresented the qualities, characteristics, costs, value, and safety of its 737 Max airplane to the Federal Aviation Association (FAA), its customers, and its investors.[1]

2. By agreement, the parties stipulated on June 9, 2020 that Boeing file a motion, answer, or any other response on or before July 31, 2020. Boeing filed a Motion to Stay and for a Protective Order on July 2, 2020, and then filed a Motion to Dismiss and/or Stay on July 31, 2020. A response to the July 2 Motion to Stay and for a Protective Order was filed by the Plaintiff on July 10, 2020. Oral arguments were heard via Zoom on July 23, 2020.

## FACTS PERTAINING TO STAY

3. Both parties have submitted briefs along with their respective pleadings. Mooney opposes the Motion to Stay, claiming he will be prejudiced by any delay in discovery asserting that this is a delay tactic. Mooney has served Boeing with twenty-three (23) requests for admission, one (1) interrogatory, and three (3) requests for production, specifically targeted, presumably, to gather misleading information alleged in his complaint.

4. Boeing admits that there is pending litigation in other courts, including in

---

[1] Compl. Para. 343,357,367 (Trans. ID. 65595241.

Matthew B. Mooney v. The Boeing Co.
C.A. No. K20C-04-025 WLW
September 1, 2020

this State, where similar information is requested and thus the Plaintiff claims the discovery would not be burdensome. However, Boeing argues that the discovery requests were served before Boeing had the opportunity to advise of its formal position given the extensive nature of both the complaint and the requests -- two (2) years of board minutes as well as emails from current and prior Chief Executive Officers.

5. Additionally, Boeing contends that the Motion to Dismiss will be case dispositive. The Plaintiff has not sought this case to be expedited. The litigation-hold procedures in place will preserve all potentially relevant discovery material as claimed by Boeing.

## RULE ABOUT COURT'S DISCRETION

6. Superior Court Civil Rule 28 (c) authorizes the Court to regulate discovery and permits the Court to 'make any order which justice requires to protect a party or person from undue burden or expense.'[2] In this case the Motion for a Stay and a Protective Order is timely.[3] A stay of discovery should not be granted automatically, and the filing of a dispositive motion does not automatically stay discovery.[4] A Court should permit discovery to go forward absent a showing by the movant that the Court should exercise its discretion and stay it.[5] However, a stay would be appropriate where a "potentially case dispositive motion is pending and there is no prejudice to the non-moving party.[6] It should be especially noted

---

[2] Super Ct. Civ. R. 26 (c).
[3] *Huber Baking Co. V. Frank C Sparks Co.*, 46 Del. 153, 81 A.2nd 132 (1951).
[4] *Gatz v Ponsokit*, 2005 WL 820604 (Del Ch).
[5] *Anderson v Airco, Inc., et al.* 2004 WL 2828208 (Del. Super.).
[6] *ABB Fakt, Inc. V. National Union Fire Ins.* Co. 731A.2d 811.815 (Del. 1999).

that otherwise, a stay should only be imposed for exceptional circumstances.[7]

## CLAIM OF DELAY

7. Mooney makes the claim that the Motion for a Stay should be denied on the basis that the ruling on the Motion to Dismiss is not imminent. This Court has ruled in the past that, when a Motion to Dismiss is to be decided in a relatively short period of time after the commencement of discovery, then a stay of discovery can be determined appropriate.[8] Mooney raises in his response to the Motion to Stay that deciding Boeing's Motion to Dismiss could "take many months to a year to fully litigate." However, in Mooney's response emphasizing imminence, his citations do not provide any guidance as to how to determine imminence other than to quote from *Del. DOT v. Amec E&I, Inc.*, "comprehensive briefs were filed and the motion [to dismiss] is ready for oral argument...the time from then to decision will not be prolonged."[9] Here, this Court has a brief schedule which concludes no later than September 2, 2020, and oral arguments will be shortly thereafter. There is no reason to believe that a decision on Boeing's Motion to Dismiss should be "prolonged."

## PREJUDICE TO PLAINTIFF'S CASE

8. Mooney offered no explanation in his response as to why a grant of this Motion to Stay and for Protective Order would prejudice his case. In Mooney's response, he spends merely two sentences with no legal backing for his assertions as to why his case would be prejudiced.

---

[7] *Boxer v. Husky Oil Co.*, 1981 WL 88233 (Del Ch).
[8] *Anderson*, 2004 WL 2828208 at *1.
[9] *Delaware Dep't of Transportation v. Amec E&I, Inc.*, 2012 WL 1409307 at *2 (Del. Super. Ct. 2012).

Matthew B. Mooney v. The Boeing Co.
C.A. No. K20C-04-025 WLW
September 1, 2020

9. In *Anderson v. Airco, Inc.*, this Court ruled that any undue cost borne by a party in complying with discovery when already enmeshed in similar litigation requiring similar discovery efforts will outweigh the risk of prejudice.[10] In this case, Boeing is facing a very similar class action in the Northern District of Illinois where much of the same information sought by Mooney will be sought by the certified class.[11] As was the case in *Anderson*, these factors lend to this Court's conclusion that granting the stay of discovery will not prejudice the non-moving party.

## CONCLUSION

10. Boeing has filed a lengthy Motion to Dismiss contending that it is case dispositive or would at least narrow the issues to be litigated between the parties. The Court does not doubt that answering the assertions in the lengthy complaint require a careful and perhaps lengthy motion to dismiss. The Court has previously set an answer and briefing schedule on July 15, 2020.[12]

11. The Court intends to currently address the Motion to Stay Discovery pending a resolution of the Motion to Dismiss. While the length of the briefing schedule stretches the time somewhat, the Court believes it would be useful and helpful if the temporary stay is continued until the outcome of the decision on the Motion to Dismiss. Needless and extensive document production may be avoided, especially if the issues can be narrowed. Conservation of the parties' resources outweighs any risk of prejudice to the Plaintiff, particularly since a document hold is apparently in place for the other similar litigation for the Defendant. Obviously,

---

[10] *Anderson*, 2004 WL 2828208 at *2.
[11] Alison Frankel, Thomson Reuters, *Alison Frankel's On the Case*, November 18, 2019.
[12] (Transaction No. 65775126).

Matthew B. Mooney v. The Boeing Co.
C.A. No. K20C-04-025 WLW
September 1, 2020

if the situation changes for either party, appropriate relief may be requested.

12. Accordingly, The Motion to Stay Discovery and for a Protective Order pending resolution of the Motion Dismiss is **GRANTED**.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh