## BUTTS v. SOUTHERN PAC. CO.

District Court, S. D. New York.

April 3, 1947.

See also, D.C., 69 F.Supp. 895.

Gerald F. Finley, of New York City (Arnold B. Elkind, of New York City, of counsel), for plaintiff.

Minor, Waterman & Casto, of New York City (Jeremiah C. Waterman and Dorr Casto, both of New York City, of counsel), for defendant.

CAFFEY, District Judge.

This is a motion by the plaintiff for an order vacating or modifying a notice by defendant to take his deposition in New York City, upon the ground that the place stated is inconvenient to him and that the subject matter of the examination can be conveniently, adequately and inexpensively covered by written interrogatories or discovery, to which plaintiff would be amenable.

The motion is brought under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for injuries, resulting in the subsequent death of plaintiff's intestate, alleged to have been caused by the negligence of defendant, his employer, while the employee was engaged in interstate commerce.

The accident occurred on November 11, 1946, in Arizona. Plaintiff was appointed Special Administrator by the Probate Court in Los Angeles, California, for the purpose of bringing this suit. He is a lawyer, residing and practicing in Los Angeles, where, it seems, the intestate's family now resides.

Defendant is a Kentucky corporation, with its principal offices in Los Angeles. It operates a line of railroad through many states, including California, but none in New York state, although it does maintain an office in New York state.

Defendant's attorney in his affidavit opposing the motion says: "That a fair trial of the issues requires that the defendant be fully advised as to matters relating to the plaintiff's status including his right to maintain the action; that your affiant is advised that there is a question as to the relationship between the decedent and the decedent's family prior to the death of the decedent, a full showing of which relationship is vitally necessary to the determination of the question of damages. That manifestly the above matters could not adequately be developed so as to insure a fair trial to the defendant upon either written interrogatories or upon the plaintiff's production of certified copies of the petition and orders of the California court."

Assuming that these matters must be developed in order to assure defendant a fair trial, I see no reason why plaintiff should be compelled to attend and give his deposition at a place 3,000 miles from his home and office. His status and his right to maintain this action, so far as they depend upon questions of fact, can be easily developed upon written interrogatories. Defendant can readily obtain certified copies of the court records without examining plaintiff. In fact, plaintiff's attorney offers to obtain them. Nor do I see how the relationship between decedent and his family can be legally established by plaintiff's testimony. There is no claim that he is related to them in any degree. And, of course, he has no direct knowledge of the accident. He is really only a nominal party.

Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes me to order that the deposition be taken only on written interrogatories, or to make any other order which justice requires to protect the party from annoyance, embarrassment, or opposition. I will, therefore, grant plaintiff's motion and direct that his examination be taken only on written interrogatories.

Settle order on two days' notice.