STATE of Missouri,
Plaintiff-Respondent,

v.

Zivomir JOVANOVIC,
Defendant-Appellant.

No. 42534.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

William J. Shaw, Public Defender, Joseph W. Larrew, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Jay D. Haden, Asst. Attys. Gen., Jefferson City, George R. Westfall, Clayton, for plaintiff-respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of rape and sodomy, and, sentenced to concurrent terms of twelve years imprisonment.

On appeal, defendant first takes issue with the rebuttal testimony of one Officer Hollandsworth. Officer Hollandsworth was called by the prosecution as a rebuttal witness and asked the following questions:

(1) Q. Would you—Detective Hollandsworth, you have already been sworn. Directing March 27 with Jovanovic, did he, during that conversation or at any other time, tell you that [the victim] had attempted to get money from him before she left his apartment?

(2) Q. And, what was the total of his remarks concerning the allegations he may have had intercourse during that—

The officer was permitted to answer both of the above questions over defendant's objections. In response to the first question, Officer Hollandsworth testified that defendant had never mentioned any money to him. In response to the second question,

**534**

Officer Hollandsworth testified that defendant told him that he had argued with the victim the night the alleged rape took place because the victim desired anal intercourse which defendant did not care to perform.

Without delving into the sordid factual backdrop from whence this appeal has come, suffice it to say that defendant's first point is without merit. The trial court is necessarily vested with broad discretion to determining the scope of rebuttal evidence, and that discretion was not herein abused. *State v. McBride*, 438 S.W.2d 222, 223 (Mo. 1969). In this connection, we deem it appropriate to cite *State v. Kerr*, 548 S.W.2d 295 (Mo.App.1977), wherein this court particularly noted the existence of but four cases in which convictions were reversed because of improper rebuttal evidence: "In each of these [four cases] the evidence adduced was held to be improper in and of itself regardless of the trial stage at which it was introduced, ...." *Kerr, supra* at 298. The evidence adduced in the present instance was not of that ilk.

 Defendant next complains of the trial court's refusal to allow his second attorney to depose the victim. Defendant was represented by two attorneys during the pendency of this proceeding (one a substitute for the other), both of whom were members of the Public Defender's staff. Defendant's first attorney deposed the victim and defendant's second attorney, dissatisfied with the first deposition, requested a second. The trial court was apparently of a mind that one deposition was sufficient and denied the request.

Defendant's contention that he had an unfettered right to depose the victim a second time is not well taken. The absolute right of a party to depose a rape and sodomy victim is subject to limitation and must be, "equitably measured with the adverse consequence and hardship upon the party sought to be deposed as the facts may show." *State ex rel. Von Pein v. Clark*, 526 S.W.2d 383, 386 (Mo.App.1975).

In her first deposition, the victim stated that defendant beat her, raped her and forced her to commit an act of sodomy. These "facts" could quite properly have lead the trial court to conclude that subjecting the victim to further deposition proceedings would work such a "hardship" upon her as to outweigh defendant's need for a supplemental deposition. The trial court's conclusion in this regard did not constitute an abuse of discretion. See *Turner v. Missouri-Kansas-Texas R. Co.*, 346 Mo. 28, 142 S.W.2d 455, 464 (1940).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.