**STATE of Missouri, ex rel., Norman J. BOWMAN, Appellant,**

v.

**Honorable Susan BLOCK, Associate Circuit Judge, Division No. 40, St. Louis County, Missouri, Respondent.**

No. 43586.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

George D. Pittman, Jr., Clayton, for appellant.

James Baker, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Appeal from a dismissal by the circuit court of a petition for a writ of mandamus directed to an associate circuit judge. The stated reason for the dismissal was that a circuit court judge lacked jurisdiction to issue a remedial writ to an associate circuit judge. We reverse and remand.

On June 1, 1979, in a proceeding before the Honorable Susan Block, Associate Circuit Judge, Norman J. Bowman pled guilty to the charge of driving while intoxicated. Judge Block suspended imposition of sentence and placed Bowman on probation.

On July 28, 1980, after a hearing, the probation was revoked for violation of its conditions. The conviction was entered and a fine of $500.00 plus court costs was imposed. Within ten (10) days, Bowman filed his Notice of Appeal for Trial de Novo together with the required cost deposit. Judge Block refused the application and returned the deposit.

Bowman then petitioned the circuit court for a writ of mandamus compelling Judge Block to receive and process the application for appeal. This case of first impression concerns the jurisdiction of circuit court judges to issue remedial writs to associate circuit judges.

Missouri Constitution, art. V, § 14 (1945, as amended 1976), gives the circuit courts

power to issue original remedial writs. By statute all courts have the power to issue all writs which may be necessary in the exercise of their jurisdiction. Section 476.070, RSMo 1978. Rule 84.22 dictates that neither this court nor the supreme court will consider an application for a writ, other than habeas corpus, where a remedy is afforded by a lower court.

Missouri, by passage of the 1976 Constitutional Amendments, adopted a three tier court system consisting of the supreme court, court of appeals and circuit court. Mo.Const., art. V, § 1 (1945, as amended 1976). Magistrate, municipal and probate courts became divisions of their respective circuit courts. Mo.Const., art. V, § 27, subsection 2(a) and 2(b) (1945, as amended 1976).

Hence, we no longer draw distinctions between municipal and magistrate courts. The fact remains, however, that these so called divisions are lower tribunals with less jurisdiction, less authority and less power than any other court in this state. Article V, § 27, as implemented by the Court Reform and Revision Act of 1978, provides limited jurisdiction for associate circuit judges.

We hold that an associate circuit judge is subordinate to a circuit court judge and, therefore, subject to the circuit court's jurisdiction to issue remedial writs. *See, Mattila v. Mason*, 287 Or. 235, 598 P.2d 675 (1979); *Hoffman v. French*, 287 Or. 323, 599 P.2d 452 (1979); and *Goshen City Court v. State ex rel Carlin*, 153 Ind.App. 342, 287 N.E.2d 591 (1972).

Reversed and remanded.

REINHARD and SNYDER, JJ., concur.