STATE of Missouri ex rel. CHARTER-BANK SPRINGFIELD, N.A., Relator,

v.

Honorable George J. DONEGAN, Judge, Associate Division 2, Circuit Court of Greene County, Missouri, Respondent.

No. 13031.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 1983.

Craig F. Lowther, Lowther, Johnson, Lowther, Cully & Housley, Springfield, for relator.

James P. Gray, Springfield, for respondent.

## PRELIMINARY ORDER MADE ABSOLUTE

CROW, Judge.

Relator ("CharterBank") in this original proceeding in prohibition seeks to prevent respondent, an associate circuit judge, from entering a protective order regarding a deposition CharterBank wishes to take in a civil action pending before respondent. The following details are pertinent to the issues we must decide.

In 1978, Berry Misemer signed a $7,669.03 promissory note payable to the order of CharterBank's predecessor, American National Bank. The note was secured by a security agreement on a motor vehicle. Misemer defaulted, and in 1980 CharterBank "repossessed and sold" the vehicle. Two years later, CharterBank filed the underlying suit against Misemer in the Circuit Court of Greene County, alleging that after all allowable credits, Misemer owed a "deficiency" of $2,528.35. CharterBank sought judgment in that sum, with interest at the rate in the note from the date the vehicle was sold, attorney fees of $800[1] and costs. The case—being one an associate circuit judge could hear and determine under § 478.225.2(1), RSMo 1978—was assigned to an associate circuit judge.[2]

Misemer was served with process in the State of California. §§ 506.500–.520, RSMo 1978. Through a Springfield, Missouri, attorney, Misemer filed an answer raising several affirmative defenses, accompanied by a counterclaim alleging CharterBank and its predecessor (a) failed to comply with sundry requirements regarding retail installment contracts, and (b) breached certain duties regarding notice of default and disposition of collateral. Misemer alleged he was thereby damaged, and prayed for actual and punitive damages aggregating $261,892.51.

The counterclaim, though permissible under § 517.240.2, RSMo 1978, is not one that would be independently triable under the procedures set forth in chapter 517, RSMo 1978, in that the demand exceeds the amount specified in § 478.225.2(1), RSMo 1978. Accordingly, the case was certified for assignment in accordance with § 517.-240.2, RSMo 1978, and assigned by the presiding judge of the circuit to an associate circuit judge to be heard on the record in accordance with procedures applicable before circuit judges, per § 517.520.2, RSMo 1978. CharterBank thereafter made application for change of judge, which was granted, and the presiding judge assigned the case to respondent, to be heard on the record in accordance with procedures applicable before circuit judges. § 517.520.2, RSMo 1978.

None of these procedural steps is attacked here, and there is no contention that the case is not properly before respondent.

On November 9, 1982, CharterBank's attorney served notice on Misemer's attorney that Misemer's deposition would be taken at the office of CharterBank's attorney in Springfield, Missouri, on November 22, 1982, at 1:00 p.m.

On November 12, 1982, Misemer, through his attorney, filed a "Motion for Protective Order" stating that he (Misemer) is a resident of California and is physically and financially unable to travel to Missouri. The motion added that CharterBank's "true

---

1. Inasmuch as the note provides for an attorney's fee of 15% of the balance due, the prayer for $800 appears excessive. That issue, however, is not before us.

2. Greene County, which constitutes Judicial Circuit 31, § 478.153, RSMo 1978, has three associate circuit judges, § 478.320.1, RSMo 1978. Respondent is not the associate circuit judge to whom the case was initially assigned.

purpose" in serving the notice of deposition was to embarrass, annoy and harass Misemer. The motion asked respondent to strike the deposition notice and to prohibit CharterBank from taking Misemer's deposition "at this time," or, in the alternative, to order CharterBank to pay Misemer $1,500 for travel and lodging expenses in attending the deposition.

On November 18, 1982, attorneys for CharterBank and Misemer, respectively, appeared before respondent and argued Misemer's motion. Respondent made a docket entry that, as best we can discern, reads:

"D M For Protective Order argued & court grants same & further orders D to inform Atty Gray[3] as to anticipated visitation to Gr Co Mo[4] during period prior to trial & if D visit arrangement for his deposition to be made by Attys."

CharterBank's attorney thereupon requested respondent to delay entering the order until CharterBank could seek a writ of prohibition. Respondent penned an addendum to the entry, staying the "effectiveness" of the order until November 30, 1982, and CharterBank's attorney agreed with Misemer's attorney to postpone Misemer's deposition until a ruling was received on CharterBank's planned application for writ of prohibition.

On November 24, 1982, CharterBank filed its petition for writ of prohibition with us, and on November 29, 1982, we issued a preliminary order commanding respondent not to issue the protective order sought by Misemer, and to show cause why our preliminary order should not be made absolute.

Respondent answered in due time, and also moved to quash our preliminary order

and to dismiss CharterBank's petition.[5] We took respondent's motion with the case.

Before ruling that motion, or any other issue, we must ascertain respondent's intentions.

It appears from CharterBank's petition and brief that CharterBank believes respondent intends to prohibit CharterBank from (a) taking Misemer's deposition in Missouri, and (b) taking Misemer's deposition in California unless CharterBank pays Misemer's attorney $1,500 to defray his expenses in traveling there and back.

We do not find all that in respondent's docket entry.

Respondent's entry, as we read it, purports to grant Misemer's motion for protective order. Thus, to determine what relief respondent will bestow unless prohibited, we look at the situation that existed when Misemer filed that motion, together with the relief he requested.

When Misemer filed his motion, CharterBank had taken no steps to obtain Misemer's deposition in California. CharterBank's notice required Misemer to appear in Springfield, Missouri. When respondent made his docket entry, the only dispute about Misemer's deposition was whether Misemer should be compelled to honor CharterBank's notice and, if so, under what conditions. Respondent was not called upon to adjudicate anything else, and, on the record here, did not do so.[6]

The relief Misemer sought was an order striking CharterBank's notice and prohibiting CharterBank from taking Misemer's deposition at the time and place specified or, alternatively, an order requiring CharterBank to pay Misemer $1,500 for travel and lodging expenses in attending.

---

**3.** James P. Gray is the attorney of record for Misemer in the underlying suit.

**4.** Presumably Greene County, Missouri.

**5.** Attorney Gray, footnote 3, supra, filed those pleadings on behalf of respondent and Misemer, jointly. Rule 97.06.

**6.** In oral argument before us, CharterBank's attorney quoted respondent as saying he would require CharterBank to pay Misemer's attorney

$1,500 to defray the latter's expenses in going to California if CharterBank attempted to take Misemer's deposition there. CharterBank made the same allegation in its petition, but the allegation was denied in respondent's answer. The record before us contains no such statement by respondent. In these circumstances, we are precluded from considering that aspect of CharterBank's attorney's argument. *Heil v. Rogers,* 329 S.W.2d 388, 390[2] (Mo.App.1959).

Consequently, we interpret respondent's entry to say that, absent prohibition, he will forbid CharterBank from attempting to compel Misemer to appear in Springfield, Missouri, for deposition unless CharterBank pays Misemer $1,500. Additionally, we infer that if, sometime before trial, Misemer comes to Greene County voluntarily, respondent will require Misemer to appear at the office of CharterBank's attorney in Springfield for deposition without payment of the $1,500. We do not read into respondent's entry anything concerning the taking of Misemer's deposition in California, and we decline to speculate about what relief, if any, respondent might grant if CharterBank attempts to take Misemer's deposition there.

Having set out our understanding of respondent's intentions, we turn to respondent's motion to quash the preliminary order and to dismiss CharterBank's petition. That motion relies on Rule 84.22,[7] which provides that no original remedial writ, except habeas corpus, will be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court.

Respondent cites *State ex rel. Bowman v. Block,* 620 S.W.2d 69 (Mo.App.1981), which holds that a circuit judge has jurisdiction to issue a writ of mandamus to an associate circuit judge. Respondent argues that adequate relief through prohibition, if warranted, was thus available to CharterBank in the Circuit Court of Greene County, hence CharterBank should have sought such relief there, not here.

Rule 84.22 is not absolute, and is waived in the event of great urgency for an early determination or in the event the issue is one of public importance. *Kohlbusch v. Eberwein,* 642 S.W.2d 683, 684[1] (Mo.App. 1982); *State ex rel. Dietz v. Carter,* 319 S.W.2d 56, 58 (Mo.App.1958).

■ Here, the urgency is apparent, in that entry of respondent's order will prevent CharterBank from obtaining Misem-

er's deposition in Springfield, Missouri, unless (a) Misemer voluntarily appears in Greene County before trial, or (b) CharterBank pays Misemer $1,500. As there is no assurance in the record before us that Misemer will be in Greene County before trial, the only way CharterBank can ensure obtaining Misemer's deposition in Springfield—if respondent's order stands—is to pay Misemer $1,500. It is unclear whether respondent will require CharterBank to make the payment before Misemer leaves California, or will allow CharterBank to postpone payment until Misemer arrives for his deposition. Either way, however, CharterBank will have to pay before trial in order to take Misemer's deposition in Springfield. If it elects not to pay, CharterBank must choose between risking trial facing Misemer's $261,892.51 counterclaim without his deposition, or attempting to take his deposition in California. With matters in this posture, urgency demands waiver of Rule 84.22. Waiver occurs when we issue a preliminary order, as we did here. *State ex inf. Roberts v. Buckley,* 533 S.W.2d 551, 553[3] (Mo.banc 1976).

Rule 84.22 being waived, it is unnecessary for us to decide whether a circuit judge of the Circuit Court of Greene County has jurisdiction to issue a writ of prohibition to respondent, an associate circuit judge of that Court. Accordingly, we express no opinion on the holding of the Eastern District in *Bowman,* 620 S.W.2d 69, cited by respondent.

Rule 84.22 is not the only issue raised by respondent's motion to quash the preliminary order and to dismiss CharterBank's petition. Certain procedural objections of a technical nature are made, and they have been fully considered. We find no merit in any of them, and they require no further comment.

Respondent's motion also asserts that inasmuch as his ruling was a discretionary one, we should not review it. Respondent adds that CharterBank's petition and the record here fail to overcome the presumption of right in favor of the rulings of the

---

**7.** Rule references are to Missouri Rules of Civil Procedure.

trial judge. These contentions go to the merits, and will be considered there.

Reaching the merits, we note that the issue whether a defendant should be compelled to travel a long distance to the site of the forum to have his deposition taken before trial was considered in *State ex rel. Von Pein v. Clark,* 526 S.W.2d 383 (Mo.App. 1975). The Von Peins were sued in Jackson County, Missouri, for damages the plaintiff allegedly sustained when she was bitten by their dog. While the suit was pending, the Von Peins moved to Brussels, Belgium, and were residing there when the plaintiff's attorney served notice on their attorney that their depositions would be taken on a specified date in Jackson County. The Von Peins sought a protective order quashing the deposition notice. The trial court entered an order requiring the Von Peins to appear for depositions in Jackson County on a date to be selected by the plaintiff's attorney, said date to be not less than 10 nor more than 15 days prior to the trial date. The Von Peins were to be given at least 30 days notice of the date selected. They sought relief, by prohibition, from that order. The Court of Appeals, noting there was no certainty that the Von Peins intended to be present at trial, held the trial court made the order too broad, and thereby abused its discretion. The Court of Appeals added, however, that if the Von Peins did in fact plan to be present in person at the trial, the trial court could require them to arrive in Jackson County a sufficient time in advance of the trial date to allow for the taking of their depositions, if the plaintiff desired. If they failed to appear, the trial court would be authorized to impose such sanctions as it found appropriate under Rule 61.01(f).[8]  *Id.* at 387[4].

Similar treatment is required here. If Misemer does not intend to appear at trial, it would be an abuse of discretion to require him to come to Greene County at his own expense to have his deposition taken before trial. However, if Misemer does plan to attend the trial, it would be an equal abuse of discretion to require CharterBank to pay him $1,500 for coming to Greene County to have his deposition taken, in view of the sizable sum he seeks in his counterclaim.

A different situation would exist if the underlying suit consisted solely of CharterBank's claim against Misemer. Were that the case, respondent's intended order might well be a proper exercise of discretion. Speculating about that, however, serves no purpose. We take the case as it is, recognizing, as did Clark, J., concurring in result in *State ex rel. Vanderpool Feed & Supply Co., Inc. v. Sloan,* 628 S.W.2d 414, 417 (Mo. App.1982), that in dealing with protective orders in discovery matters, as in most situations of judicial discretion, the facts and circumstances of each case are paramount.

Here, so long as Misemer's counterclaim is pending, the proper course is an order providing that if Misemer does plan to be present in person at trial, he must, at no expense to CharterBank, arrive in Greene County a sufficient time in advance of the trial date to allow for the taking of his deposition by CharterBank if CharterBank desires. What the interval between deposition and trial should be, and how much notice Misemer should receive, are for respondent to determine in the exercise of his

**8.** Rule 61.01(f) provides that if a party fails to appear before the officer who is to take his deposition after being served with notice, the court may, upon motion and reasonable notice to the other parties and all persons affected thereby, make such orders in regard to the failure as are just, and among others it may enter:

(1) An order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibit him from introducing designated matters in evidence.

(2) An order striking pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof or, rendering a judgment by default against the disobedient party.

(3) An order treating as a contempt of court the failure to obey.

(4) An order requiring the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

discretion. Should Misemer, after being given notice, fail to appear for deposition, respondent may impose such sanctions as may be appropriate under Rule 61.01(f).[9]

We have not ignored Misemer's allegation that he is both physically and financially unable to travel to Greene County. We find nothing in the record, apart from the allegation itself, to substantiate either condition. Moreover, it does not appear that respondent found Misemer physically or financially unable to make the journey, because respondent's docket entry refers to Misemer's "anticipated visitation" to Greene County before trial. Had respondent found Misemer either physically or financially unable to travel, we doubt respondent would have made reference to a possible visit.

We hold that respondent will abuse his discretion if he issues the order indicated by his entry of November 18, 1982. Prohibition is the proper remedy when a court makes an order that constitutes an abuse of discretion in discovery proceedings. *State ex rel. Naes v. Hart,* 548 S.W.2d 870, 873[1] (Mo.App.1977); *State ex rel. Danforth v. Riley,* 499 S.W.2d 40, 42[1] (Mo.App.1973). Prohibition has been the vehicle for granting relief from an excessively broad protective order. *Von Pein,* 526 S.W.2d 383; *State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799 (Mo.App.1972). We therefore reject respondent's contention that we should not review his ruling in this proceeding.

We are mindful that our Supreme Court has recently stated that the unfettered use of the writ of prohibition to allow interlocutory review of trial court error should not continue. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo.banc, 1983). *Morasch,* however, concerned a trial court that intended to proceed with trial after ruling that the plaintiff's claim was not barred by the applicable statute of limitations, an alleged error of law reviewable on appeal. *Morasch* thus presented an altogether different problem than the one here.

We emphasize that our decision is limited to the issues now before us. We need not decide what judicial action, if any, might be proper should CharterBank attempt to take Misemer's deposition in California.

Respondent's motion to quash the preliminary order in prohibition and to dismiss CharterBank's petition for writ of prohibition is denied. The preliminary order in prohibition is made absolute.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.