STATE of Missouri ex rel., Ivan
DRIENIK, Relator,

v.

The Honorable Patrick CLIFFORD,
Associate Circuit Judge,

and

The Honorable Barbara Ann Crancer,
Associate Circuit Judge,
Respondents.

No. 72132.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

April 15, 1997

---

* All statutory references are to RSMo 1994 unless otherwise indicated.

Thomas D. Rodenberg, Blue Springs, Steven E. Ehlmann, St. Charles, for relator.

Jack J. Gilbert, Clayton, for respondents.

Before AHRENS, C.J., GRIMM, P.J., and SIMON, J.

## PER CURIAM.

Relator filed a petition for writ of mandamus. He alleges Judge Crancer erroneously failed to transfer a case pending against him to the proper venue. In addition, he alleges Judge Clifford erroneously denied his petition for mandamus filed in St. Louis County. In that petition, relator sought relief identical to that sought from this court. Respondents have filed their suggestions in opposition to the issuance of the writ.

The facts and law are clear concerning the venue issue. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument, and issue a peremptory writ of prohibition.

In the underlying proceeding, plaintiff Jim Watson alleges that he and defendant Ivan Drienik entered into a contract. Plaintiff's business is in St. Louis County, while defendant resides in Jackson County. Plaintiff was to secure an employee for defendant, for which defendant would pay plaintiff a percentage of the employee's starting salary. Further, plaintiff alleges he secured an employee and defendant owes him $8,000, but defendant refuses to pay.

Plaintiff filed suit in St. Louis County. Defendant was served in Jackson County. He filed a motion to dismiss or in the alternative for transfer. He alleged that he did not reside in St. Louis County and was not found there. Rather, at all times material to the action, he resided in Jackson County.

Plaintiff filed a response. He claimed venue was proper, citing *State ex rel. McClain v. Heckemeyer*, 741 S.W.2d 734 (Mo.App. S.D. 1987). Judge Crancer denied defendant's motion.

Thereafter, defendant filed a petition for writ of mandamus in the Circuit Court of St. Louis County. The Presiding Judge of St. Louis County Circuit Court assigned the matter to Judge Clifford "for hearing and determination on the record under practices and procedures applicable before Circuit Judges." Judge Clifford dismissed the petition on the basis that he did not have jurisdiction.

Defendant is an individual, and plaintiff's claim is based on contract. In such situations, venue is determined by § 508.010(1).* In part, that section provides that when defendant is a resident of the state, suit shall be brought "either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found." Defendant does not reside in St. Louis County and was not found or served in St. Louis County.

Nevertheless, plaintiff argues on behalf of respondents that the breach of contract occurred in St. Louis County. He contends venue is lodged in St. Louis County because the cause of action accrued there. He cites numerous cases concerning where a breach of contract occurs and venue based on where the cause of action accrued. None are applicable because they relate either to tort actions or suits against corporations.

Venue in the county where the cause accrued is proper in tort actions, § 508.010(6), but this is not a tort action. Similarly, in suits against corporations, venue may be in the county where the cause of

---

* All statutory citations are to RSMo 1994 unless otherwise indicated.

action accrued. § 508.040. Here, plaintiff's cause of action is for breach of contract and must be brought either in the county (1) where defendant resides or (2) where plaintiff resides and defendant may be found.

Venue is improper in St. Louis County. Peremptory writ is ordered issued. Respondent Judge Crancer is directed to take no further action in the underlying case except to transfer it to Jackson County. *See State ex rel. Quest Communications Corp. v. Baldridge,* 913 S.W.2d 366, 368 (Mo.App.S.D. 1996).

We turn now to relator's contention that respondent Judge Clifford erred in declining to exercise jurisdiction. Relator contends that when an associate circuit judge refuses to transfer a case to a proper venue, "the proper place for filing a petition for writ of mandamus is with the circuit court." In support, relator cites *State ex rel. Bowman v. Block,* 620 S.W.2d 69 (Mo.App. E.D.1981).

In *Bowman,* this court reviewed a circuit court judge's dismissal of a petition for writ of mandamus directed to an associate circuit judge. We observed that the new judicial article created a three tier court system consisting of the supreme court, court of appeals, and circuit court. *Id.* at 70. However, we commented that associate circuit judges had "less jurisdiction, less authority and less power." Thus, we held that an associate circuit judge was subject to the circuit court's jurisdiction for remedial writs. *Id.*

Since that decision in 1981, much has changed. When *Bowman* was decided, § 478.220 RSMo 1986 provided that circuit court judges could "hear and determine all cases and matters within the jurisdiction of their circuit courts." In contrast, associate circuit judges could only hear and determine "cases or classes of cases" enumerated in § 478.225 RSMo 1986.

In 1989, the General Assembly repealed § 478.225 RSMo 1986. 1989 Mo.Laws 1049. In addition, it amended the introductory clause of § 478.220 RSMo 1978 to read, "Circuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts." Thus, any jurisdictional difference between the two categories of judges was abolished. Although other statutes or local court rules may place limitations on what judge is assigned to hear a particular case or class of cases, it is clear that both circuit and associate circuit judges now have statutory jurisdiction to hear and determine all cases within the jurisdiction of their circuit court. § 478.220.

Other significant changes have also occurred. As a result, we conclude that an associate circuit judge is not subject to the circuit court's jurisdiction for remedial writs. *Bowman* should no longer be followed.