STATE of Missouri ex rel. Roger
MEEKS, Relator,

v.

Honorable Dennis REAVES,
Respondent.

No. SD 32834.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 2013.

Matt Lowe of Clinton, MO, for Relator.

Rick E. Pohlsander of Stockton, MO, for Respondent.

JEFFREY W. BATES, P.J.

The underlying lawsuit involves a petition for an adult order of protection filed by J.D. (Petitioner) against Relator Roger Meeks (Relator). *See* §§ 455.010–.090.[1] After an ex parte order of protection was issued, Relator filed a notice to depose Petitioner and mailed it to her. She received the notice, but she did not attend the deposition. Relator then filed motions to compel and for sanctions, which were

---

1. All references to statutes are to RSMo Cum. Supp. (2012). All references to rules are to Missouri Court Rules (2013).

denied by the Honorable Dennis Reaves (Respondent).

Relator filed a petition for writ of prohibition to prevent Respondent from conducting a trial on the petition until such time as Relator could depose Petitioner. This Court issued a preliminary writ in prohibition. Relator contends that a permanent writ should issue against Respondent because Rule 57.03 gives Relator the right to depose Petitioner prior to the hearing on whether a full order of protection should be entered. We agree and make permanent our preliminary writ in prohibition.

### Factual and Procedural Background

On June 21, 2013, Petitioner filed her petition for an adult order of protection against Relator in the Circuit Court of Cedar County, Missouri. By local court rule, all adult abuse actions are assigned to the associate circuit judge for the county where the petition was filed. 28th Judicial Circuit Local Court Rule 6.1(d). The case was assigned to Respondent, who issued an ex parte order of protection that same day. On June 25, the parties appeared before Respondent. The case was continued at Relator's request for additional time to prepare for trial. The matter was set for trial on July 23, and the ex parte order was extended until that time.

On June 26, Relator's counsel filed a written notice to take Petitioner's deposition on July 12 at the law office of Relator's counsel in Clinton, Missouri. A copy of the notice was mailed to Petitioner. Although she received the notice, Petitioner failed to attend the deposition. Both parties agree that Petitioner was under the mistaken impression that she did not have to attend the deposition unless ordered to do so by the judge. Thereafter, Relator filed motions to compel and for sanctions.

On July 23, the parties appeared before Respondent to take up Relator's motions. Respondent denied both the motion to compel and the motion for sanctions on the ground that Relator did not have a legal right to depose Petitioner in a Chapter 455 case. Respondent continued the matter to allow Relator to seek a writ of prohibition. He did so, and we issued our preliminary writ, which we now make permanent.

### Discussion and Decision

■ A writ of prohibition lies to remedy an abuse of discretion where the lower court lacks the power to act as intended. *See State ex rel. Nothum v. Walsh,* 380 S.W.3d 557, 561 (Mo. banc 2012). In Relator's writ petition, he only challenges the denial of his motion to compel Petitioner to attend a deposition before trial. Relator argues that Rule 57.03, which applies to Chapter 455 actions, gives him the right to depose Petitioner. We agree.

■ A case filed in circuit court pursuant to Chapter 455 seeking relief from adult abuse is a civil action. *See, e.g., Minor v. Minor,* 901 S.W.2d 163, 167 (Mo. App.1995) ("adult abuse action" is a "civil action"). The circuit judges of a circuit are authorized to adopt local court rules which provide that a class of cases shall be assigned to a particular division of the circuit court. *See* § 478.245.1(1). By local court rule, Petitioner's adult abuse action was assigned to the Associate Division in Cedar County for hearing and determination. 28th Judicial Circuit Local Rule 6.1(d). Therefore, Respondent was sitting as a circuit judge on this case. Rule 41.01 states, in relevant part, that "(a) Rules 41 through 101 shall govern the following: ... (3) Civil actions pending before an associate circuit judge sitting as a circuit judge." Rule 41.01(a)(3).

Respondent has cited no rules or statutes that make Rule 57.03 inapplicable to Chapter 455 actions, and we have found none in our independent research. Respondent argues, however, that Chapter 455 "does not have to specifically exclude discovery in order to manifest the legislature's intent that the matter will proceed on a summary basis without the normal process of discovery envisioned in Rules 56 through 61." In support of this argument, Respondent relies on § 455.040, which provides in relevant part that: "[n]ot later than fifteen days after the filing of a petition ... a hearing shall be held unless the court deems, for good cause shown, that a continuance should be granted." § 455.040.1. Respondent then compares proceedings under Chapter 455 with unlawful detainer proceedings under Chapter 534, which are "summary in nature." *State ex rel. Deutsche Bank Nat. Trust Co. v. Chamberlain*, 372 S.W.3d 24, 28 (Mo.App.2012). Respondent argues that discovery rules should not apply here in the same way they do not apply in unlawful detainer actions. *See id.* at 32–33. We disagree.

■ It is well settled that in unlawful detainer proceedings "the ordinary rules and proceedings of other civil actions do not apply." *Fannie Mae v. Truong*, 361 S.W.3d 400, 405 (Mo. banc 2012). This is because "the principal issue in an unlawful detainer action is the *immediate* right of possession." *S.L. Motel Enters., Inc. v. E. Ocean, Inc.*, 751 S.W.2d 114, 117 (Mo.App. 1988) (emphasis added); *Walker v. Anderson*, 182 S.W.3d 266, 269 (Mo.App. 2006); *see Deutsche Bank*, 372 S.W.3d at 30 *(immediate* right to possession derives from holding title while inquiry into *merits of title* must be litigated in separate action). Such "immediate" action is not required here, and indeed, Respondent granted Relator's request for a continu-

ance at the initial hearing to generally prepare for trial.

■ "Without question, the right of a party to depose witnesses and as such adverse parties is an absolute one." *State ex rel. Von Pein v. Clark*, 526 S.W.2d 383, 385–86 (Mo.App.1975); *see, e.g., Norkunas v. Norkunas*, 480 S.W.2d 92, 94 (Mo.App. 1972) (holding that it was reversible error to prevent a party from deposing witnesses because the error materially affected the merits of the action); *see generally* Rule 57.03. In the absence of a civil rule or statute that makes Rule 57.03 inapplicable to Chapter 455 proceedings, we hold that Relator has the right to depose Petitioner and prepare his defense against the full order of protection which Petitioner is seeking. As this Court has noted, such an order can have "significant collateral consequences." *Glover v. Michaud*, 222 S.W.3d 347, 351 (Mo.App.2007); *see also S.D. v. Wallace*, 364 S.W.3d 252, 254 n. 4 (Mo.App.2012). Because Respondent abused his discretion in denying Relator's motion to compel Petitioner's deposition, Relator is entitled to relief. Accordingly, we hereby enter a permanent writ in prohibition by which we order Respondent to: (1) vacate his order denying Relator's motion to compel; and (2) permit Relator to depose Petitioner prior to conducting the hearing on whether to enter a full order of protection.

DON E. BURRELL, and MARY W. SHEFFIELD, JJ. concur.