**STATE of Missouri, ex rel. Stephen MARTEL, Relators,**

v.

**Hon. James J. GALLAGHER, Respondent.**

No. 58296.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 21, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1990.

Application to Transfer Denied Nov. 20, 1990.

Godfrey Padberg and Thomas Simon, St. Louis, for relators.

Brinker, Doyen & Kovacs, P.C., David G. Ott, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

This is an original proceeding in which relator seeks an order of prohibition against respondent judge, to prevent him from enforcing an order amending and limiting one of relator's interrogatories. We granted a preliminary order to which respondent filed his return. The cause was then argued and submitted. We make our preliminary order absolute.

The underlying action is based on negligence for the personal injuries relator sustained when the exterior steps that led to and from his residential apartment gave way and broke while he was in the process of descending the steps. The apartment complex consists of numerous buildings with steps that are made of precast concrete slabs and these same types of steps lead to and from the various apartments. These steps were apparently installed in substantially the same manner and at approximately the same time.

Relator, in an attempt to discover what, if any, notice the defendant had of the dangerous condition, propounded the following interrogatory:

9. Within five years prior to the accident described in plaintiff's petition, state whether or not Paragon and/or any of its agents, representatives or employees ever received any complaints regarding there being any cracks, deformities, splits, breaks or impairments in any of the steps located at 7 Trails West Apartments? If so, state:

(a) The date or dates when each such complaint was received:

(b) The identity of all persons who received and/or had knowledge of each such complaint being made:

(c) The identity of all records and documents which were made of each such complaint:

(d) The identity of the person who presently had custody of such records and documents: and if you will do so without a motion to produce, please attach a copy to these interrogatories.

Defendant refused to answer this interrogatory. Defendant stated the interrogatory "is overbroad, unlimited in scope, seeks information which is irrelevant and immaterial to any issue in the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence." The judge sustained defendant's objection in part by holding that relator would be limited to discovering only what complaints were received with respect to the steps leading to or from his apartment, and by limiting discovery to two years.

We said in *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 328 (Mo.App.1985) that the purposes of discovery are to eliminate concealment and surprise, to aid the litigants in determining the facts prior to trial and to provide the litigants with access to proper information with which to develop their respective contentions and to present their respective sides of the issues framed by the pleadings.

█ In this action, relator contends respondent judge abused his discretion in that his ruling improperly limited relator's discovery. Relator argues the interrogatory was reasonably calculated to lead to the discovery of admissible evidence of prior similar occurrences which could be admissible on the issue of notice of the existence of a dangerous condition. The trial court is vested with broad discretion in administering the rules of discovery and we will disturb these rulings only upon the showing of an abuse of discretion. *Kawasaki Motors Corporation, U.S.A. v. Ryan*, 777 S.W.2d 247, 251 (Mo.App.1989); *State ex rel. Norfolk & Western Co. v. Dowd*, 448 S.W.2d 1, 4 (Mo. banc 1969). When the trial court makes an order in discovery proceedings which is an abuse of discretion then prohibition is the proper remedy. *Kawasaki, supra.* Interrogatories may properly inquire into any matter which is reasonably calculated to lead to the discovery of admissible evidence. *State ex rel. Litton Business Systems Inc. v. Bondurant*, 523 S.W.2d 587 (Mo.App.1975).

It is the third factor of *Anheuser* which seems appropriate for our determination of this discovery matter, i.e., that the litigant be provided with access to proper information to develop his contention. We are also not convinced that the respondent's position is valid. He contends that the interrogatory is overbroad and that the answers to the interrogatory will not lead to discovery of relevant admissible evidence.

In a most recent Supreme Court decision, *Pierce v. Platte–Clay Electric Cooperative, Inc.*, 769 S.W.2d 769 (Mo. banc 1989), a farmer was operating his tractor through a field when the affixed spreader snagged a guy wire, which secured a utility pole. The wire snapped and as a result he was injured. One of the issues was whether or not evidence of similar accidents was admissible. In order to determine prior similar accidents, the plaintiff obtained from the defendant information for the past four years prior to the plaintiff's accident, that there were nine "trouble tickets" concerning contact between farm machinery and guy wires. He was allowed to admit two of those notices to demonstrate the appellant's notice that farm machinery had struck unmarked guy wires. The trial court had a pretrial conference, and at that time recognized the potential hazards of such evidence, but explicitly stated that the trouble tickets were relevant for the limited purpose of showing the defendant's *knowledge* (emphasis added) that people were running into unmarked guy wires.

Our Supreme Court held evidence that the defendant had notice of similar accidents was properly admitted.

█ Before applying the principles of *Pierce*, we stress that the issue before us is

a discovery question and not of admissibility. The respondent's point in his brief that relator's interrogatory was not reasonably calculated to lead to discovery is pure speculation. As mentioned above, the relator's interrogatory asked whether there were any complaints (notice) about the steps within the past five years. In *Pierce* at 773, it was discovered that there were nine notices filed in the past four years and the plaintiff farmer was allowed to introduce two incidents to show that the defendant electric co-op had knowledge of the incidents.

We believe the realtor's interrogatory is reasonable and would provide him with access to proper information and well within the purpose of discovery. We find the interrogatory in question not overbroad. It could lead to the discovery of admissible evidence.

Our preliminary order is made absolute.

SIMON, C.J., concurs.

HAMILTON, J., dissents in separate opinion.

HAMILTON, Judge, dissenting.

I respectfully dissent. Relator's petition, as the majority correctly states, alleges an action for negligence for personal injuries sustained when the common stairway for ingress and egress to the apartment leased by Relator "cracked, broke and gave way" causing him to fall and to sustain injuries. From the petition, we know neither the particular location, configuration nor composition of the steps alleged to have caused injury to Relator. We know only that the steps in question led from Relator's apartment to ground level.

Moreover, as is commonly the situation, we have before us no transcript of the proceedings before the trial court when the objections to Interrogatory 9 [1] were taken up and when the trial court made its ruling. We have only the trial court's order of April 17, 1990, limiting the time period to two years and limiting the scope of inquiry to complaints regarding the steps described in plaintiff's petition. We note that the trial court merely limited the scope of the interrogatory; it did not entirely sustain the objections to it.

A trial court is vested with broad discretion in the administration of discovery rules, and its rulings should remain undisturbed absent an abuse of discretion. *Kawasaki Motors Corp., U.S.A. v. Ryan,* 777 S.W.2d 247, 251 (Mo.App.1989). The rules of discovery thus contemplate the exercise of judicial discretion; unlimited discovery is not a matter of right. *State ex rel. Hoffman v. Campbell,* 428 S.W.2d 904, 906 (Mo.App.1968). A fundamental limitation upon discovery is the requirement that it be relevant to the subject matter involved in the pending action. Rule 56.01(b)(1).

In the present case, Relator offered neither to this Court nor, from the record before us, to the court below any basis from which to conclude that Interrogatory 9, as drafted, sought information relevant to the allegations contained in the pleadings. *See State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 327 (Mo.App.1985). The interrogatory seeks, for a five-year period, information about and copies of "any complaints regarding there being [sic] any cracks, deformities, splits, breaks or impairments in any of the steps located at 7 Trails West Apartments[.]" As propounded, it fails to postulate steps substantially similar in either location, configuration, composition, or any other regard to the steps that are alleged in the petition to have caused injury to Relator. We do not know, for example, whether the steps referred to in Interrogatory 9 are interior or exterior steps or are located in common or leased premises. Nor do we know whether the steps identified in Interrogatory 9 are of similar height and width, or are exposed to like amounts of traffic and weather, or are the same age, or are composed of similar building materials as the steps at issue. *Kawasaki Motor Corp., U.S.A.,* 777 S.W.2d at 251–52; *Keller v. International Harvester Corp.,* 648 S.W.2d 584, 589 (Mo.App.

1. Interrogatory 9, denominated as an interrogatory, is also in the nature of a request for production in that it seeks copies of complaints about steps at the apartment complex.

1983).[2] While Relator does assert in his brief on appeal that the steps at issue are concrete and that some other steps at the apartment complex are precast concrete slabs, he neither pleaded this information nor included it as a modifier in Interrogatory 9. Moreover, nothing in the record before us demonstrates that this information was disclosed to the trial judge prior to his ruling.

Presented with an interrogatory that was overbroad when examined in relation to the allegations in Relator's petition, as required by Rule 56.01(b)(1), the trial judge, in his order of April 17, sought not to frustrate discovery, but properly to tailor it to an appropriately relevant scope. As a result, I find no abuse of discretion by the trial judge, based upon the record before us, and would, therefore, quash our preliminary order of prohibition.

**2.** In *Keller* the Court found the interrogatory in question and the answer thereto irrelevant for failing to postulate conditions substantially similar to the accident alleged in the suit. The issue on appeal was whether the interrogatory and answer to it were admissible at trial. The opinion is silent, however, as to whether objection had earlier been made to this interrogatory during the pre-trial period as has been done in the present case.