STATE of Missouri ex rel. Jimmie A. PLANK, et ux., Harold L. Surface, et ux., and Charles F. White, Relators,

v.

Honorable Jack KOEHR, Presiding Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 74491.

Supreme Court of Missouri,
En Banc.

June 2, 1992.

Rehearing Denied June 30, 1992.

Richard E. Schwartz, James E. Parrot, St. Louis, for relators.

Jeffrey L. Cramer, St. Louis, for respondent.

HOLSTEIN, Judge.

In this case the Court addresses the circumstances under which a trial court may deny plaintiffs who have sued a corporation the right to require the corporation to designate a representative and thereafter take that representative's deposition under Rule 57.03(b)(4). We conclude that in this case the trial court abused its discretion by quashing notices to take depositions. The preliminary order in prohibition is made absolute.

Relators are plaintiffs in three personal injury suits against Union Electric Company. All three suits arose out of injuries the relators allegedly sustained in on-the-job accidents during the construction of Union Electric's Callaway County Nuclear Power Plant. Relators gave Union Electric notice of their intent to depose a designated corporate representative pursuant to Rule 57.03(b)(4). The notices listed a total of thirty-eight topics on which relators sought to depose the representatives. Union Electric filed a motion to "quash" the notices on the ground that many of the topics listed by relators had been covered by earlier depositions of three corporate employees of Union Electric. Union Electric also claimed that the topics designated by the relators were vague, confusing, overbroad, and calculated to burden, harass and annoy.[1] It is undisputed, however, that relators' notices contained topics that had not been previously covered by depositions.

Respondent sustained Union Electric's motion and ordered the notices quashed. Relators then sought a writ of prohibition in the Missouri Court of Appeals, Eastern District, seeking to prevent respondent from quashing the notices. The court of appeals denied prohibition, and relators filed a petition with this Court. A preliminary order was issued on January 28, 1992.

■■■ Courts in Missouri have long recognized that the rules relating to discovery were designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits and to provide a party with access to anything that is "relevant" to the proceedings and subject matter of the case not protected by privilege. *State ex rel. Kawasaki Motors Corp., U.S.A. v. Ryan*, 777 S.W.2d 247, 251 (Mo.App.1989). It is not grounds for objection that the information may be inadmissible at trial, but it is sufficient if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Rule 56.01(b)(1)*. A trial court is vested with broad discretion in administering the rules of discovery, and an appellate court should not disturb the rulings absent an abuse of discretion. *Klein v. General Electric Co.*, 714 S.W.2d 896, 906 (Mo.App.1986). Nonetheless, when a trial court makes an order in discovery proceedings that is an abuse of dis-

---

1. In *White v. Union Electric* the parties entered into a consent protective order staying the production of documents until the trial court ruled on Union Electric's motion to dismiss. That order did not apply to the taking of depositions. Although Union Electric based one of its motions to quash the deposition notices on this order, it did not argue this ground in its brief.

928 ■

cretion, prohibition is the proper remedy. *Kawasaki,* 777 S.W.2d at 251.

■ Rule 57.03(b)(4), Missouri's counterpart to Rule 30(b)(6) of the Federal Rules of Civil Procedure, states that a party

> may in his notice ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf ... The persons so designated shall testify as to matters known or reasonably available to the organization ...

In addition to this rule, Rule 56.01(b) states that a party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in a pending action. Read together, these rules establish the allowable breadth of discovery in cases where one of the parties is a corporation. If a party believes that a discovery request should not be complied with, Rule 56.01(c) allows the party to seek a protective order.

Union Electric was obliged by Rule 57.-03(b)(4) to designate a corporate representative to be deposed on each of the topics designated in the notice. *See Mitsui and Co. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 66–67 (D.P.R.1981) (interpreting a corporation's obligation to name a designated corporate representative under Federal Rules of Civil Procedure 30(b)(6)). The trial court's order quashing the notices in this case was in contravention of the plain language of Rule 57.03. The rule clearly states that a corporation *shall* designate a person to be its representative. If the corporation believes the deposition should not go forth, its remedy is to file a motion for a protective order. It is not free to file a motion for protective order without concurrently designating a representative to testify on each of the subjects identified. Nothing in the argument or the trial court's order suggests why defendant should be excused from that part of the requirement of Rule 57.-

03(b)(4). The order of the trial court "quashing" the notice had the effect of excusing Union Electric from designating its representative on each topic. That aspect of the order violates the mandatory language of Rule 57.03(b)(4) and amounts to an abuse of discretion.

■ In a pleading before this Court, Union Electric asserts that it now stipulates that the depositions of three of its employees constitute the testimony of Union Electric. The stipulation falls short of complying with the rule for three reasons. First, the stipulation was not made before the trial court. Second, the stipulation was made after the taking of the deposition of the employees. Third, the stipulation does not identify the topics upon which each of the employees will testify. The stipulation is inadequate to excuse the trial court's failure to require Union Electric to designate its representative to testify on each topic requested.

The question remaining is whether Union Electric demonstrated it was entitled to a protective order under Rule 56.01(c), which provides, "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Union Electric, in its motion to quash the notices, generally claims the topics are "vague, confusing, overbroad, not reasonably related to any pleaded issue, not reasonably calculated to lead to the discovery of evidence, violative of the attorney-client and work product privileges, and calculated to burden, harass and annoy." No specific topics are identified. The trial court's order also failed to specify any particular topics that offend the rules of discovery.

Respondent's brief narrows the grounds which are claimed to support a protective order. The brief identifies seven topics that are a "representative sampling" of topics covered in earlier depositions, seven topics that are claimed to be "representative" of irrelevant topics, two topics upon which the facts are undisputed, three topics

that are "peculiarly within the knowledge" of an independent contractor of Union Electric, and one topic that is unduly burdensome. This leaves a total of eighteen topics upon which we are left to speculate as to respondent's reasons for refusing to allow the depositions.

■ As previously noted, Union Electric's counsel has filed a pleading here stipulating that the depositions of three persons taken in two cases, the *Surface* and *Plank* cases, constitute the testimony of Union Electric and may be used in all three of the plaintiffs' suits. Union Electric also claims to have sought to consolidate discovery in the three cases. However, nothing in this record indicates that relators have agreed to consolidate discovery, and the trial court has not ordered consolidation of discovery. *See Rule 66.01(b).* Absent an agreement or an order to consolidate discovery, plaintiffs in each separate suit are entitled to take a deposition of a designated representative of the corporate defendant on relevant topics.

■ Even if discovery were consolidated, the order prohibiting depositions in this case exceeds the bounds of discretion. One purpose of Rule 57.03(b)(4) is to permit a party to take the deposition of an opposing corporation's representative at a time when the party taking the deposition knows that the statements made by the witness on the identified topics will be admissible against and binding on the corporate party. The effect of the rule is to place natural persons and corporations on a level playing field in the taking of the depositions of parties. By denying the deposition in this case, the defendant corporation is given the advantage of deciding, after the depositions, that it prefers to limit its disclosure to the topics and testimony of particular deponents, thereby foreclosing a deposition where the deponent is identified beforehand as a corporate representative. Such result gives a corporate entity a tactical advantage over natural persons and is therefore contrary to the purpose of the rule.

■ The rule also requires that the matters to be covered be identified with "reasonable particularity." By their very nature, the topics identified will be stated more broadly than an interrogatory, a request for an admission or any other specific form of discovery. In determining if a topic is overly broad, the only questions are whether the topic is relevant to the case and whether the matters to be covered are stated with sufficient clarity so that the deponent is able to discern the times, places, persons, objects, or events to be covered at the deposition. If the answers to those questions are in the affirmative, the topics are not overly broad.

■ No purpose would be served here in detailing the list of topics. It is sufficient to say that we have examined the topics, and while some were covered in earlier depositions, many were not. All the topics are relevant in that they relate to the identity of employees of Union Electric or independent contractors, the job site itself, or safety at the job site. A few of the topics may seem overly broad when measured against the permissible breadth of an interrogatory or request for admission. However, when measured by the standards set forth in the preceding paragraph, the topics are not overly broad. In any event, when relevant topics are overly broad, the preferred response for the trial court is to enter an order limiting "the scope of discovery to certain matters." *Rule 56.-01(c)(4).* A blanket order, as was entered here, forbidding any deposition of the corporation's designated representative on relevant topics not covered in earlier discovery is itself overly broad and, as such, an abuse of discretion.

The preliminary order is made absolute.

ROBERTSON, C.J., COVINGTON, BENTON, THOMAS and PRICE, JJ., and LOWENSTEIN, Special Judge, concur.