STATE of Missouri, ex rel. Deborah K. STOLFA and Dennis W. Bush, Relators,

v.

The Honorable William W. ELY, Judge of Division 2, Circuit Court of Missouri, Sixteenth Judicial Circuit, Respondent.

No. WD 48635.

Missouri Court of Appeals, Western District.

May 3, 1994.

580

Richard P. Scaletty, Independence, for relators.

D. Bruce Keplinger, Overland Park, KS, for respondent.

Before KENNEDY, P.J., and ULRICH and BRECKENRIDGE, JJ.

## ORDER OF MANDAMUS

KENNEDY, Presiding Judge.

Relators are plaintiffs in a case entitled *Deborah K. Stolfa and Dennis W. Bush, (Plaintiffs) vs. K–Mart Corporation, et al., (Defendants)*, Case No. CV 92–7303, now pending in Division 2 of the Circuit Court of Jackson County. In that case, they allege they are the parents of Amy Stolfa and Ashley Stolfa, who died at birth on March 27, 1990. They claim that the negligence of K–Mart and its pharmacist, in mistakenly filling a medication prescription when Deborah, the mother, was 25 weeks pregnant, caused the premature birth and the death of the two infants.

The plaintiffs put their claim against K–Mart on two separate grounds. One ground was that the pharmacist was negligent in furnishing the wrong drug, *i.e.*, in furnishing a drug compound known as Ritalin instead of Ritodrine, the medication prescribed by the physician. The other ground was that K–Mart was negligent in failing to establish and maintain proper protocol and procedures to insure that appropriate drugs and medicines were dispensed to consumers.

Plaintiffs sought by interrogatories, by requests for the production of documents, and by oral depositions, to discover from K–Mart information about other, earlier lawsuits involving allegations of professional liability relating to the operation of a pharmacy against K–Mart, growing out of the alleged misfilling of prescriptions. Plaintiffs also requested information about training of K–Mart's pharmacy staff, as well as information relating to prior incidents involving negligence in the filling or dispensing of prescriptions in K–Mart's pharmacies. Plaintiffs later agreed that these requests should cover only the three-year period preceding the incident in question.

Respondent judge sustained K–Mart's objections to such discovery. On plaintiffs' petition, we issued our preliminary writ in mandamus, ordering respondent to set aside his order sustaining K–Mart's objections, and ordering him to compel K–Mart's compliance with the discovery requests.

Respondent filed an answer to the petition in mandamus. After briefing and argument, we now make the preliminary writ absolute.

■ We review for abuse of trial court discretion, *State ex rel. Plank v. Koehr*, 831 S.W.2d 926 (Mo. banc 1992), but a review of the cases reveals a tendency toward liberality in discovery. The trial court's discretion to deny discovery is commensurately more limited.

The reason writs of mandamus and prohibition commend themselves for supervisory review of trial court action in discovery matters is that appeal is often an inadequate remedy. In the present case, as an example, plaintiffs on appeal from an adverse judgment could not show any prejudice from the trial court's denial of requested discovery. The actual prejudice might be great, but it would be hidden from view.

K–Mart offers three arguments for its position that it ought not to be required to disclose the information sought by plaintiffs: It says "the discovery sought by relators is not relevant and not reasonably calculated to lead to the discovery of admissible evidence." It says, second, that "the discovery sought by relators invades the attorney-client and work product privilege." Third, it says that "an order compelling K–Mart to respond to the subject discovery requests would impose an extraordinary and unreasonable burden on K–Mart."

## I.

■ A party to a lawsuit may obtain discovery from another party as provided by Supreme Court Rules 57–61. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 56.01(b)(1). The plaintiffs in this case put their claim, not only upon the negligence of K–Mart's pharmacist, for which K–Mart would be vicariously liable under the respondeat superior doctrine—but also upon K–Mart's personal corporate negligence, in its protocols and procedures, which, according to plaintiffs' postulation, were inadequate to prevent the kind of mischance which occurred here. To prove notice to K–Mart that its protocols and procedures were inadequate, it would be highly relevant that other claims had been made against K–Mart because of mis-filled prescriptions. K–Mart alone had this information in accessible form; as a practical matter, plaintiffs could get the information from no other source. The discovery sought by plaintiffs is a promising source of evidence that K–Mart, from the claims made against it growing out of similar misfeasances by pharmacists in K–Mart's employ, had actual or constructive notice of the inadequacy of its protocols and procedures.

The case before us presents no novel issue. The issue has been decided before, adversely to K–Mart's position. In *Stacy v. Truman Medical Ctr.*, 836 S.W.2d 911, 926 (Mo. banc 1992), the court quoted the following from *McCormick on Evidence*, § 200 at 848 (4th Edition 1992):

> The proponent probably will want to show directly that the defendant had knowledge of the prior accidents, but the nature, frequency or notoriety of the incidents may well reveal that defendant knew of them or should have discovered the danger by due inspection. Since all that is required is that the previous injury or injuries be such as to call defendant's attention to the dangerous situation that resulted in the litigated incident, the similarity in the circumstances of the accidents can be considerably less than that which is demanded when the same evidence is used for one of the other valid purposes.

See, also, to the same effect: *State ex rel. Martel v. Gallagher*, 797 S.W.2d 730, 732–33 (Mo.App.1990); *Pierce v. Platte–Clay Elec. Coop., Inc.*, 769 S.W.2d 769 (Mo. banc 1989); *Wadlow by Wadlow Homes v. Lindner Homes, Inc.*, 722 S.W.2d 621, 628–29 (Mo. App.1986).

## II.

■ We take up K–Mart's contention that the requested discovery would be unreasonably oppressive and burdensome. We are unable to agree that this is the case. K–Mart cites *State ex rel. Kawasaki Motors Corp., U.S.A., v. Ryan,* 777 S.W.2d 247 (Mo. App.1989) in support of its position. *Ryan* does not support K–Mart's position; it is a contrast to the present case. The overbreadth of the discovery requests involved in that case, and the immensity of the task of retrieval, are immediately apparent to the reader. Furthermore, much of the material sought to be discovered was of doubtful usefulness to the plaintiffs.

In the present case, the plaintiffs have limited their request to a period of three years preceding the incident in question, which occurred March 27, 1990. This means K–Mart would have only to produce the files on claims after March 27, 1987. K–Mart has a computer database which begins in July, 1987. It has identified in the database 120 claims which involve pharmacy professional liability claims. The database includes, with respect to each claim, the name of plaintiff, date of incident, general nature of incident and store location.

The files, K–Mart says, are unindexed and are stored in boxes in a warehouse. K–Mart says it would be a prodigious task to locate and produce the 120 files. The absence of indexing cannot be laid to the plaintiffs, however; it was K–Mart's decision to store the files without a convenient system of retrieval. *See* 4A Moore's Federal Practice, § 34.19 n. 10–11. *See also, Baine v. General Motors Corp.,* 141 F.R.D. 328, 331–32 (M.D.Ala. 1991); *Snowden By and Through Victor v. Connaught Lab. Inc.,* 137 F.R.D. 325, 333 (D.Kan.1991). Supposedly, the database was prepared by physical reference to the files. K–Mart was able to access them for that purpose.

Without the discovery of similar earlier claims against K–Mart, plaintiffs would be hard put to prove notice to K–Mart of the inadequacy of its protocols and procedures, if indeed they were inadequate. The necessity of the discovery for plaintiffs outweighs the inconvenience to K–Mart in supplying it.

*See* C. Wright and A. Miller, 8 Federal Practice and Procedure, § 2214, p. 647–48 (1970).

## III.

■ K–Mart's third argument is that the litigation files sought to be discovered contain materials which are protected by the attorney-client privilege, and by the work product rule. Any such materials are, or may be, immune from discovery, Rule 56.-01(b)(1); *State ex rel. Mitchell Humphrey & Co. v. Provaznik,* 854 S.W.2d 810, 812 (Mo. App.1993), but that feature does not defeat the discovery request. Any such privileged materials may be protected by the trial court upon K–Mart's motion.

Our preliminary writ is made absolute.

All concur.