**Janet Sue MITCHELL and Roy G. Mitchell, Plaintiffs/Appellants,**

v.

**SCHNUCKS MARKETS, INC., Defendant/Respondent.**

**No. ED 80265.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 17, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 2002.

Case Transferred to Supreme Court Dec. 24, 2002.

Case Retransferred to Court of Appeals April 1, 2003.

Original Opinion Reinstated April 17, 2003.

---

Joseph L. Walsh, III, St. Louis, MO, for appellants.

Robert J. Isaacson, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Plaintiffs, Janet Mitchell and Roy Mitchell, brought a negligence action against defendant, Schnucks Markets, Inc. Plaintiffs appeal from the judgment entered after a jury returned a verdict in favor of defendant. We affirm.

In their petition, plaintiffs alleged that on November 7, 1997, Janet Mitchell tripped "on an uneven seam between the asphalt of the parking lot and the concrete sidewalk" of defendant's store. Plaintiffs further alleged that defendant was negligent in permitting an uneven seam to remain near the store's entrance, failing to provide a reasonably safe means of ingress and egress, failing to warn invitees of the uneven seam and permitting a dangerous and defective condition to exist. The following is one of plaintiffs' interrogatories and defendant's response:

2. STATEMENTS:

State whether or not, following the date of the occurrence mentioned in the Petition in this case, a statement, interview, or report, or a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof, of the Plaintiff, or of a statement made by the Plaintiff and contemporaneously recorded, has been secured from Plaintiff or taken of Plaintiff; and, if so, state the following:

(a) Date, place and time taken;

(b) Name and addresses of the person or persons connected with taking it;

(c) Names and addresses of all persons present at the time it was taken;

(d) Whether the statement was oral, written, shorthand, recorded, taped, etc.;

(e) Was it signed?

(f) Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

(g) Please attach an exact copy of the original of said statement, interview, report, file, or tape to your answers to these interrogatories; if oral please state verbatim the contents thereof.

**ANSWER**: No such statement has been taken from Plaintiff. Plaintiff did have a short conversation with Defendant's employee Donna Wahoff immediately after her injury. That conversation was not recorded.

Defendant's responses to plaintiffs' interrogatories and request for production were made on November 15, 1999.[1]

The trial commenced on June 26, 2001. In his opening statement, defendant's counsel stated that defendant's store manager, Donna Wahoff, would testify that after the incident she asked Janet Mitchell if she tripped and she said no, she fell. Prior to Wahoff testifying, plaintiffs' counsel moved to limit Wahoff's testimony because defendant failed to provide the contents of Janet Mitchell's statement as requested in the interrogatory. The trial court construed the motion as one for sanctions. The court found that defendant failed to provide in its response to plaintiffs' interrogatory

number 2 a verbatim account of the contents of the statement as requested in the interrogatory.[2] The court noted that plaintiffs could have filed a motion for sanctions in November 1999, and denied plaintiffs request to limit Wahoff's testimony. But the court also concluded that plaintiff had the right to interview or depose Wahoff. Plaintiffs' counsel interviewed Wahoff and thereafter asked that Wahoff's testimony be limited. Counsel did not request a continuance or move for a mistrial. The trial court again denied counsel's request to limit Wahoff's testimony. During direct examination, Wahoff stated that "[plaintiff] said she didn't trip over anything, she just fell." Plaintiffs' counsel renewed his objection to this testimony which the trial court overruled. The jury was given a comparative fault instruction.[3] The jury found that neither Janet Mitchell nor defendant were at fault. The trial court entered judgment accordingly and denied plaintiffs' motion for new trial.

Plaintiffs raise one point on appeal. Plaintiffs argue that the trial court erred in permitting Wahoff to testify that Janet Mitchell stated that she did not trip.

We first address defendant's contention that it "fully responded" to plaintiffs' interrogatory number 2. Missouri courts have long recognized that the rules relating to discovery were designed to eliminate, as

---

**1.** The following is from plaintiffs' request for production of documents and defendant's response: "8. Any and all statements, interviews, or reports, or a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other records, or transcription thereof, of the Plaintiffs, or of a statement made by Plaintiffs and contemporaneously recorded, that has been secured from Plaintiffs or taken of Plaintiffs. **RESPONSE: None.**" On July 27, 2000, before defendant deposed plaintiff, defendant's counsel faxed to plaintiffs' counsel a document titled "INCIDENT REPORT TO COUNSEL SCHNUCK MAR-

KETS REPORT OF CUSTOMER ACCIDENT." Line 13 of the report provides "How did Accident Happen?" Underneath line 13 is the following, "ALLEGES ENTERING THE STORE AND SHE FELL ON THE SIDEWALK AND WENT IN TO TELL SOMEONE AT CUST SVC."

**2.** Interrogatory number 2 is one of the Twenty–Second Judicial Circuit's "COURT–APPROVED" interrogatories.

**3.** *See* M.A.I. 37.09.

far as possible, concealment and surprise in the trial of lawsuits. *State ex rel. Plank v. Koehr*, 831 S.W.2d 926, 927 (Mo. banc 1992). The rules were designed to provide a party with access to anything relevant to the proceedings and subject matter of the case that is not protected by privilege. *Id.* Aiding in the ascertainment of the truth and facilitating trial preparation have also been listed as purposes of discovery. *Spacewalker, Inc. v. American Family Mutual Insurance Co.*, 954 S.W.2d 420, 423 (Mo.App. E.D.1997).

■ Defendant quotes the portion of interrogatory number 2 that provides that the statement had "been secured from Plaintiff or taken of Plaintiff." Defendant contends that the term take means to obtain through certain procedures and that the terms taken or secured from "add an element of formality to the interrogatory...." Defendant further contends that the conversation between Janet Mitchell and Wahoff did not constitute the taking or securing of a statement "as those terms are understood." Defendant's legal sophistry is contrary to the purposes of discovery. As noted by the trial court, defendant disclosed that there was a short conversation between Wahoff and Janet Mitchell but then failed to provide a verbatim account. Subparagraph g of interrogatory number 2 provides if the statement is oral "state verbatim the contents thereof." We find that defendant was required to set forth a verbatim account of Janet Mitchell's statement.[4]

Under Rule 61.01, a trial court may admit or exclude testimony where a party provides incomplete or evasive answers to discovery requests, including interrogatories. *American Property Maintenance v. Monia*, 59 S.W.3d 640, 646 (Mo.App. E.D. 2001); *Fairbanks v. Weitzman*, 13 S.W.3d 313, 326–27 (Mo.App. E.D.2000). We review the trial court's ruling regarding sanctions for abuse of discretion. *Id.*

■ After interviewing Wahoff, plaintiffs' counsel did not move for a mistrial based upon surprise over Wahoff's testimony.[5] Rather, counsel elected to stand on his motion and asked the court to limit Wahoff's testimony. But counsel failed to argue to the trial court why the interview was insufficient and they were thereby prejudiced. Similarly, plaintiffs fail to show on appeal how they were prejudiced, given that their counsel interviewed Wahoff prior to her testimony. Although Wahoff's testimony was prejudicial, the interview allowed plaintiffs to explore the contents of Wahoff's testimony. We do not condone defendant's failure to disclose, but do not find that the trial court abused its discretion. Plaintiffs' point is denied.

The judgment is affirmed.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J., Concur.

---

4. Defendant asserts that the trial court did not find that there was a discovery violation. In discussing the issue, the court stated "[a]rguably the answer is incomplete because arguably the conversation between Plaintiff and Donna Wahoff was a statement." Review of the remaining discourse, however, implies that the trial court concluded that defendant should have disclosed the contents of the statement but that limiting Wahoff's testimony was not appropriate.

5. Granting a mistrial would have been a matter for the sound discretion of the trial court.