STATE ex rel. Corinne REIF, Relator,

v.

The Honorable Michael T. JAMISON,
Respondent.

No. SC 88987.

Supreme Court of Missouri,
En Banc.

Dec. 16, 2008.

Christopher W. Dysart, The Dysart Law Firm, P.C., Chesterfield, MO, for Relator.

Steven S. Wasserman, Lisa A. Larkin, Williams Venker & Sanders, LLC, St. Louis, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

The issue in this writ proceeding is whether a corporate representative designated for deposition pursuant to Rule 57.03(b)(4) can limit his or her deposition testimony to personal knowledge instead of testifying about facts that are known or reasonably available to the organization. The circuit court erroneously overruled relator's motion to compel production of a substitute corporate representative. The alternative writ of mandamus is made peremptory.

## FACTS

Corinne Reif (Relator) filed a wrongful death action against Missouri Baptist Medical Center (Defendant). Relator alleged that her husband die d as a result of injuries sustained when he tripped over an unmarked electrical box located on the floor of a rehabilitation facility owned by Defendant.

Relator served Defendant with a notice requesting the deposition of a corporate representative. The notice identified five topics to be covered during the deposition. At issue in this case are the first and third deposition topics. The first deposition topic was "Defendant's knowledge of decedent, Irwin Reif's fall on February 2, 2001." The third deposition topic was "[t]he reason and/or basis for the presence of the electrical plug and/or electrical plug box on the aisle floor of the premises ... at the time of plaintiff's fall on February 2, 2001."

Relator deposed Defendant's corporate representative on all five deposition topics. With respect to the first and third deposi-

tion topics, the corporate representative testified that she had no personal knowledge of how the decedent fell or of the design and placement of the electrical box. The representative also testified that she did not review documents or consult with Defendant to establish Defendant's position with respect to these issues.

Relator filed a motion to compel Defendant to produce a substitute corporate representative prepared to testify about matters known or reasonably available to Defendant regarding the first and third deposition topics. The circuit court overruled the motion. This Court issued an alternative writ of mandamus. Relator asserts that the writ should be made peremptory because the circuit court misapplied Rule 57.03(b)(4) by not requiring Defendant to produce a corporate representative to testify regarding facts that are known or reasonably available to Defendant.

## ANALYSIS

"A writ of prohibition [or] mandamus is the proper remedy for curing discovery rulings that exceed a court's jurisdiction or constitute an abuse of the court's discretion." *State ex rel. White v. Gray,* 141 S.W.3d 460, 463 (Mo.App.2004) (quoting *State ex rel. Atchison, Topeka & Santa Fe R.R. v. O'Malley,* 888 S.W.2d 760, 761 (Mo.App.1994)). The purpose of a writ of mandamus is to execute a clear, unequivocal and specific right, not to adjudicate. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994).

Rule 57.03(b)(4) provides that a party may name a corporation, agency or other organization as the deponent. After being served with a notice of deposition, the organization "shall" designate a corporate representative to testify on its behalf.

Rule 57.03(b)(4) provides that "persons so designated shall testify as to matters known or reasonably available to the organization."

■■■ The purpose of Rule 57.03(b)(4) is to permit a party to depose an opposing corporation's representative under circumstances in which the statements made by the witness on the identified topics will be admissible against and binding on the corporate party. *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 928 (Mo. banc 1992). This procedure places "natural persons and corporations on a level playing field in the taking of the depositions of parties." *Id.* In other words, the testimony of the corporate representative designated pursuant to Rule 57.03(b)(4) is not the deposition of that individual for his or her personal recollections or knowledge but is instead "the deposition of the corporate defendant." *Annin v. Bi–State Development Agency,* 657 S.W.2d 382, 386 (Mo.App.1983). If the representative can state simply that he or she has no personal knowledge of the matter, then a party engaged in litigation against a corporation would be placed at a significant disadvantage, subject to deposition by the corporate defendant but left with little access to what knowledge could be imputed to the corporation.

The underlying purpose of Rule 57.03(b)(4) is reflected in the mandatory language employed. The rule provides that the corporate representative "shall testify as to matters known or reasonably available to the organization." Rule 53.07(b)(4)'s plain language does not contain any provision permitting the represen-tative to avoid testimony on the identified topics by stating that he or she has no personal knowledge of the subject matter.

In this case, Defendant identified several of its employees who witnessed decedent's fall. The electrical box was on Defendant's premises. The circumstances regarding the fall and the presence of the electrical box were matters known or reasonably available to the organization. Nonetheless, the corporate representative testified that she had no personal knowledge of decedent's fall or the presence of the electrical box. The purpose of deposing a corporate representative is not to uncover the representative's personal knowledge or recollection of the events at issue. Instead, Rule 57.03(b)(4) required the representative to testify regarding the Defendant's knowledge of these matters.

■■■ The circuit court abused its discretion by overruling Relator's motion to compel production of a substitute corporate representative prepared to testify regarding Defendant's organizational knowledge of the identified deposition topics.[1] The alternative writ of mandamus is made peremptory.

All concur.

■■■

1. Defendant also argues that the circuit court properly overruled the motion to compel because the deposition topics included information subject to the attorney-client privilege and the work product doctrine. Defendant did not raise these objections before or during the deposition or in opposition to the motion to compel. There is no basis for reviewing Defendant's assertions because, in a writ proceeding, the reviewing court is limited to the record made in the court below. *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo.App. 1997) (citing *State ex rel. Terry v. Holtkamp,* 330 Mo. 608, 51 S.W.2d 13, 16 (1932)).